ANITA O'KEEFFE YOUNG, *Ex'x vs.* EDITH YOUNG EXUM *et al.*

MARCH 19, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

144

CONDON, C. J. This is a bill in equity for the construction of the last will and testament of Robert R. Young, late of the city of Newport, deceased. The cause was heard in the superior court on bill, answer and oral proof and after it was ready for hearing for final decree it was certified pursuant to G. L. 1956, §9-24-28, to this court for our determination.

The necessity for construction has arisen because of a controversy between the parties as to the legal effect of the following language of clause Second:

"All of the rest, residue and remainder of my property of every kind, nature and description, real, personal and mixed, wherever situated and howsoever and whensoever by me acquired, whether before or after the execution of this my Will, of which I may die seized, or to which I may have any power of appointment or disposition, I give, devise and bequeath, absolutely and in fee simple, to my wife, Anita O'Keeffe Young, of the said City of Newport, provided she, my said wife, Anita O'Keeffe Young, shall survive me.

"(a) Provided my said wife, Anita O'Keeffe Young, shall survive me, it is my wish, but I do not direct or create any obligation upon my said wife, Anita O'Keeffe Young, that she, my said wife, Anita O'Keeffe Young, distribute during her lifetime, or by her last Will and Testament devise and bequeath, any such part of said rest, residue and remainder of my said property owned by me on the date of my decease to my brothers, J. Stinson Young, of 'Woodlot', Mine Mountain, Bernardsville, New Jersey, and Kenneth M. Young, of 1223½ South Beverly Glen Boulevard, West Los Angeles, California, and my sister, Edith Young Exum (Mrs. Frank Exum), of 2319 South Beverly Glen Boulevard, Los Angeles, California, in equal shares, to them and their heirs and assigns forever."

Such residue comprises the testator's entire estate in the amount of more than $8,000,000 since by clause First he provides merely for the payment of his debts and funeral expenses.

The testator's widow is the complainant and his brothers and sister are the respondents. We shall hereinafter so refer to them. The respondents contend that it was the testator's intent to obligate complainant to distribute during her lifetime or to devise and bequeath to them jointly and severally all of the residuary estate. The complainant disagrees and prays for a construction that will answer these specific questions: 1. Whether any such joint and several interest is provided; and 2. Whether complainant is obligated to distribute or to devise and bequeath to respondents jointly and severally all or any part of the residue.

The respondents argue that the precatory words of paragraph (a) must be construed as words of command and that the effect of such a construction is to create a trust for their benefit with discretion vested in complainant either to distribute it during her lifetime or to devise and bequeath it to them at her decease. In support of their contention they point to the extensive and detailed powers and instructions that the testator spelled out in the last clause of his will wherein he appoints complainant as executrix. If he intended to give complainant all of his estate, they argue that he would not have incorporated in his will such detailed instructions. On the view that we take of the dispositive language of clause Second such instructions are without significance and need not be discussed further in this opinion.

The respondents seek to buttress their position by citing and quoting at some length from numerous cases wherein courts have construed precatory words in a will as in effect mandatory. The case which they chiefly rely upon appears to be *Colton* v. *Colton*, 127 U. S. 300. Our examination of that case does not disclose sufficient similarity in the language of the will under consideration there to the language of the instant will to be of any assistance. The other cited cases, excepting only *Bohon* v. *Barrett's, ex'r*, 79 Ky. 378, need not be discussed as they are of even less significance.

The Kentucky case appears to be in point, but it was decided in 1881 when the tendency to find in precatory words a note of command was much stronger than it is today. Moreover it appears from the opinion that the court was confronted with circumstances which strongly impelled it to rely upon the old rule of construction that a trust will be created by precatory words unless a contrary intention be indicated in the will. That rule is no longer generally followed. As far as we are aware it was never followed in this jurisdiction.

The rule in the United States today by the great weight

of authority is that precatory words will be construed as words of command only if it is clear that the testator intended to impose a legal obligation upon the legatee to make the desired disposition. See 1 Scott, Trusts (2d ed.) §25.2, p. 193, and 1 Page, Wills (3d — Lifetime — ed.) sec. 91, p. 199. The contrast between the old and the new rule is well exemplified by a recent case in New Jersey, wherein they were discussed at great length. *Cahill* v. *Monahan*, 58 N. J. Super. 54.

In this state the modern rule was recognized in *Cahill* v. *Tanner*, 43 R. I. 403, but we held it could not be applied because the testator's express provision for his wife clearly indicated that he did not intend to create a trust for the benefit of his sisters and a niece. There the testator's devise to his wife in fee simple was coupled with a *request* that she make a will devising and bequeathing the property to the sisters and a niece. In rejecting their claim the court held that an absolute estate in fee simple could not be limited or reduced by any implied intention of the testator to create a trust.

In a later case, *Gould* v. *Trenberth*, 61 R. I. 5, where the words in question were "with the understanding that if my sister * * * shall survive me that my said sister-in-law shall care for my said sister as long as she shall live," the contention was made that they were precatory merely. In rejecting such contention we held that the words "with the understanding" were not indicative of a wish or request but were in the nature of a duty or condition attached to the gift. But we think it is implicit in the opinion in that case that if the testatrix had merely expressed a *wish* that the devisee would take care of the testatrix's sister such expression would not have been a command clearly indicative of the testatrix's intention to impose a legal duty on the devisee.

What differentiates the will in the case at bar from any that this court has heretofore considered is the testator's

own statement expressly disclaiming any intention to create a legal duty upon his wife to carry out his wish. If such statement were absent there might be some reason for examining the whole will and for considering the circumstances surrounding the testator when he made it in order to determine whether he impliedly intended to impose such a duty. In our opinion for this court to find an implied intention contrary to that statement would be tantamount to our making a new will for the testator.

That the legal effect of the testator's statement is to place it within the power of his wife to disregard his wishes and leave his blood kin without any share in his extremely ample estate is an eventuality that this court's authority to construe a will cannot avert. The testator could have averted such an eventuality but he chose not to do so. In the exercise of their testamentary freedom testators sometimes make odd wills but unless they violate some rule of law their oddities must be given effect. In our opinion this will violates no rule of law. We are, therefore, constrained to hold that the testator did not give respondents any interest in his estate nor did he obligate complainant either to distribute or to devise and bequeath to respondents any part thereof.

We have carefully considered the respondents' contention that the nonobligatory clause does not apply to the complainant's duty to devise and bequeath and we find such contention is clearly without merit. An analysis of the sentence in which the clause appears does not in our opinion justify the distinction which they seek to make.

On March 26, 1962 the parties may present to this court for our approval a form of decree, in accordance with this opinion, to be entered in the superior court.

MOTION FOR REARGUMENT.

APRIL 6, 1962.

PER CURIAM. After our opinion herein was filed, the respondents by permission of the court presented a motion

for leave to reargue setting forth therein certain reasons on which they base their contention that justice requires a reargument of the cause.

We have carefully considered those reasons and are of the opinion that they are not based on any matter which was not fully considered and passed upon directly or indirectly by us in reaching the conclusion stated in our opinion.

The motion is denied, and on April 16, 1962 the parties may present to this court for our approval a form of decree, in accordance with our original opinion, to be entered in the superior court.

*Moore, Virgadamo, Boyle & Lynch, David Hartfield, Jr.* (New York), *David W. Wallace* (New York), for complainant.

*DeSimone & DeSimone, Florie DeSimone, Herbert F. DeSimone, Friedman & Friedman* (New York), *Hyman R. Friedman, William K. Friedman* (New York), for respondents.