229 A.2d 780.

ANITA O'KEEFFE YOUNG, *Executrix vs.* EDITH YOUNG EXUM *et al.*

MAY 22, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is an appeal from a judgment of the superior court dismissing the plaintiff's second amended bill of complaint rendered upon the defendants' demurrer whereby the trial justice found that "* * * the complainant has not made or stated such a cause as entitles her in equity to any relief." While the ruling which we are reviewing was made after the effective date of the new rules of civil procedure of the superior court, it concerned a demurrer which had been filed prior thereto. We will, therefore, employ herein, where applicable, the terminology of the new rules. We will consider the plaintiff's second amended bill of complaint as a "supplemental complaint as amended" and the defendants' demurrer as a motion to dismiss for failure to state a claim upon which relief can be granted filed pursuant to rule 12 (b) (6) of the new rules.

To place this action in its proper perspective, it is necessary to delineate the various interstate legal salvos which have been fired between the parties for the past seven years in the courts of both Rhode Island and New York. The plaintiff is the widow of Robert R. Young who died on January 25, 1958. The defendants[1] are her late husband's brothers and sister. The plaintiff is the sole beneficiary under her husband's will and was appointed executrix of his estate by the probate court of the city of Newport.

---

[1]During the course of these proceedings the deaths of Edith Young Exum and John Stinson Young, also known as J. Stinson Young, were noted on the record. The executor of the estate of Edith Young Exum and the executrix of the estate of John Stinson Young were made parties hereto.

The instant cause was commenced by plaintiff on September 1, 1959 when, pursuant to the provisions of G. L. 1956, §9-24-28, she filed in the superior court a bill in equity for the construction of and instructions relative to her husband's will. Based upon the sworn representations of the bill, an ex parte order was issued which, in effect, restrained defendants from instituting any legal action whatsoever in any court other than the courts of Rhode Island relative to the decedent's will or his estate. On October 15, 1959, however, in an action assented to by all the parties, the original restraining order was considerably modified so that defendants were prohibited from instituting legal proceedings to construe Mr. Young's will in any other federal or state court pending our construction of this instrument or until further order of the superior court.

Thereafter in the superior court various and sundry preliminary pleadings were exchanged between the parties. On December 23, 1959, an action was brought in New York by defendants against plaintiff individually and not in her fiduciary capacity whereby they sought to impose a constructive trust on the decedent's residuary estate. The basis of their suit rested in plaintiff's failure to adhere to an alleged agreement between her and her husband by which she promised as consideration for his bequest to her of his residuary estate, to reasonably provide for defendants during her lifetime and to bequeath that estate to them by her will.

This action was terminated by a decision of the Appellate Division of the New York Supreme Court on May 17, 1960, wherein it ruled that a purported service of process on plaintiff was invalid. The court held that although plaintiff had purchased a co-operative apartment in New York, she was not a resident for the purposes of substituted service under New York's Civil Practice Act because there was no evidence at the time the service was made that she had

"completed, furnished or occupied" this apartment. See *Young* v. *Young*, 10 App. Div.2d 922, 200 N.Y.S.2d 815.

Upon the institution of this litigation, plaintiff filed a motion in the superior court to adjudge defendants in contempt of the October 15, 1959 restraining order. The action of the New York court, however, rendered this question moot and the motion was subsequently withdrawn.

On February 3, 1960, defendants filed in the instant cause a cross bill in which they sought to prevent plaintiff from selling, transferring, disposing or encumbering certain stock which formed a part of her husband's residuary estate. A restraining order was thereupon issued which prevented plaintiff from disposing of this stock. The defendants' success was short-lived, as the superior court at a hearing on their prayer for a preliminary injunction on February 19, 1960, entered a decree which denied this relief to defendants and also vacated the February 3 restraining order. The defendants took an immediate appeal from that adverse action to this court. On April 18, 1960, we granted plaintiff's motion to dismiss defendants' appeal. Our action was based on the prematurity and piecemeal basis of their appellate action.

Subsequently, on August 30, 1960, defendants filed an amended answer. Later extensive hearings were held in the superior court and on June 9, 1961, a decree was entered certifying that this action was ready for hearing on final decree. Thereafter the papers in conformity with the statute were forwarded to this court. Briefs were submitted and on January 8, 1962, we heard the oral arguments of the parties. Later on March 19, 1962, in our opinion cited as *Young* v. *Exum*, 94 R. I. 143, 179 A.2d 107, we rejected defendants' contention that the decedent's will had created an express trust for their benefit. We ruled the language used by the testator was precatory only and did not constitute words of command. Consequently, we held that

plaintiff could, if she so desired, completely disregard decedent's wishes as to the future well-being of his brothers and sister.

The defendants' motion for reargument was denied and on April 16, 1962, we approved a form of decree which was in accordance with our opinion. This was done in pursuance to the mandate contained in our denial of the motion for reargument. On this date we entered an order wherein we gave our approbation to the proposed decree and remanded the cause to the superior court for the limited purpose of the entry of the final decree, and to afford an opportunity to the parties to apply to the superior court for such counsel fees and expenses as that court might deem proper.

One month later defendants filed a motion for the allowance of counsel fees and expenses. No hearing was held on this motion.

In September 1962 defendants brought a second suit against plaintiff personally in New York. Their complaint was once again based upon a constructive trust and contained allegations which were substantially identical to those in their earlier suit. This time, however, plaintiff was personally served with process while she was in New York. On October 1, 1962, plaintiff filed a motion for a final decree in this cause. Almost two months later on December 26, 1962, she moved to amend her original bill for the construction of her husband's will by adding other allegations which described the New York suits and the pendency of the administration of her husband's estate in the Newport probate court. She pictured the latest New York action as an effort to harass, vex and stifle the orderly administration of her husband's estate in the courts of Rhode Island and characterized defendants' New York efforts as "forum shopping." Accordingly she asked that the superior court not only enjoin defendants from any further prosecution of

their New York suit but that they also be prohibited from seeking legal redress in any court within the United States other than the Rhode Island courts with respect to the estate of Robert R. Young "* * * or the property thereof or the right, title and interest of Anita O'Keeffe Young therein." A restraining order which embodied plaintiff's prayers was issued. On November 8, 1963, after a hearing on her motion, plaintiff was permitted to amend her original bill and the restraining order was continued in full force and effect.

The record shows that on February 24, 1964, a "final decree" was entered by the superior court. It was in conformity with the one which we had approved and had ordered entered almost two years earlier. This action, however, did not stop the flow of pleas which continued to come from all parties. The defendants filed a demurrer to the amended bill and it was sustained. Later a second amended bill was filed and once again defendants demurred. Finally on March 17, 1966, judgment was entered for defendants and the restraining order of December 26, 1962, which had denied defendants access to courts other than those in Rhode Island, was dissolved.

Putting to one side the veritable mountain of pleadings which have been filed in this cause we find that the sole and simple issue presented here is whether or not plaintiff by her pleadings which were entered subsequent to our order of April 16, 1962, has stated a claim under the new rules upon which relief can be granted. Our answer is that she has not done so.

While in *Bragg* v. *Warwick Shoppers World, Inc.*, 102 R. I. 8, 227 A.2d 582, we bid fond farewell to the common-law concept of the importance of pleadings and stated therein that in construing the new rules of civil procedure we shall resolve all doubts in favor of the pleader and accept his allegations as true, we are, in the instant proceed-

ings, concerned with a statutory bill in equity whereby this court is given exclusive jurisdiction to construe a decedent's will and to give any instructions which are necessary to implement our holdings.

In *Industrial National Bank* v. *Isele*, 101 R. I. 734, 227 A.2d 203, we recently considered the legislation which forms the basis of the instant suit. There we stated that §9-24-28, as amended, directs the superior court to certify a civil action for the construction of a will or trust deed or for instructions relative thereto, whenever and as soon as such case is ready for *final judgment*. This language is clear and unambiguous. A cause is ready for final judgment when nothing remains to be done except to enter judgment. It follows, therefore, that there can be no post-certification proceedings relating to any will or deed of trust except for the entry of final judgment following the receipt by the superior court of our opinion in which we have construed the certified will. Our order of April 16, 1962, which remanded this action to the superior court, permitted the entry of a final decree and afforded an opportunity for the allowance of the appropriate counsel fees and expenses and nothing else. We have no hesitancy whatsoever in holding that the superior court had no jurisdiction on December 26, 1962, either to restrain defendants from pursuing their second suit in New York or to permit plaintiff on November 8, 1963, to amend the original bill in which she sought construction of and instructions relative to her husband's will.

With the entry of the decree of February 24, 1964, all the proceedings which were then pending between the parties hereto were concluded. In the instant circumstances the only question left unanswered, which the superior court may now consider, is the award of such counsel fees and expenses it deems proper and to which we referred in our order of April 16, 1962.

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

Motion for leave to reargue denied.

*Moore, Virgadamo, Boyle & Lynch, Cornelius C. Moore, Salvatore L. Virgadamo, Francis J. Boyle, Jeremiah C. Lynch, Jr.,* for plaintiff.

*DeSimone* and *DeSimone, Florie DeSimone, Herbert F. DeSimone,* for defendants.