255 A.2d 150.

THE BANK OF DELAWARE *et al. vs.* INDUSTRIAL NATIONAL BANK OF RHODE ISLAND *et al.*

JUNE 27, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This cause was certified for our determination and construction of provisions of an indenture of trust and last will and testament of F. Bartholomay Jelke pursuant to the provisions of G. L. 1956, §9-24-28, as amended. The certification of said indenture of trust and last will and testament poses for the consideration of this court alternative questions which the parties phrase as follows:

"A) Whether executors' commissions and attorneys' fees incurred or paid by the executors of the Estate of F. Bartholomay Jelke, deceased, should be apportioned between said executors and the trustees of the trust?"

"B) If the answer to the first question (A) is in the affirmative, then in what proportions or percentages should said commissions and fees be apportioned?"

An examination of the record discloses, however, that a construction of the various provisions of the instruments in question would have meaning only if and when the probate court for the city of Newport approves the costs and fees which the parties estimate are warranted.

Accordingly, the case is not ready for final judgment as required by §9-24-28, as amended, *Industrial National Bank v. Isele*, 101 R. I. 734, 227 A.2d 203; *Young v. Exum*, 102 R. I. 232, 229 A.2d 780, and we will decline to act where the

assistance requested is on a problem which may never arise or will arise only at some time in the indeterminate future. *Alumnae Ass'n of Newport Hospital School of Nursing* v. *Nugent,* 101 R. I. 26, 219 A.2d 763.

*W. Ward Harvey,* for plaintiffs.

*Corcoran, Peckham & Hayes, Edward J. Corcoran, Joseph T. Houlihan, Joseph McLean Hall,* Guardian ad litem, for William Faris Jelke and Thomas Batholomay Jelke and persons not ascertained or in being.