296 A.2d 451.

ANITA O'KEEFE YOUNG, *Executrix vs.* EDITH YOUNG EXUM *et al.*

NOVEMBER 8, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

686

Powers, J.   These proceedings were originated by the plaintiff, as executrix of her husband's will, with the filing of a bill for construction of that instrument as authorized by G. L. 1956, §9-24-28.[1]   The first phase thereof was terminated on April 16, 1962, with the approval by this court of a decree prepared in accordance with our decision reported in *Young* v. *Exum*, 94 R. I. 143, 179 A.2d 107 (1962).[2]   This

---

[1]Mrs. Young instituted the proceedings on September 1, 1959, at which time suits for construction were commenced with the filing of a bill in equity. With the enactment of P. L. 1965, ch. 55, however, the distinction between suits in equity and actions at law was substantially abolished.

[2]Although approved by this court on April 16, 1962, for entry in the Superior Court, the decree in question was not entered in that court until February 24, 1964. The reason for the lapse of time is not apparent from the record.

decree adjudged that defendants, who were brothers and sister of the testator, were not entitled to share in the estate.

One month later, namely May 16, 1962, defendants filed a motion for the allowance of counsel fees and expenses pursuant to the provisions of §9-14-25. However, they made no effort to be heard on that motion until 1969 when, on December 15 of that year, a series of hearings was commenced on said motion.

Meanwhile, litigation in connection with the estate had been initiated in New York which, in turn, lead plaintiff to attempt twice to amend the bill which had been the subject of our decision in *Young* v. *Exum, supra.* In accordance with the then prevailing practice, defendants demurred to both attempts to amend and were sustained in each instance, the last such being on March 17, 1966, on which date judgment was entered for defendants on the pleadings. (See n.1) From the entry of that judgment, plaintiff appealed to this court. If our narration of the facts and travel leading to that appeal are sketchy, it is because said facts and travel are fully set forth in *Young* v. *Exum,* 102 R. I. 232, 229 A.2d 780 (1967).

Suffice it to note here that the crux of our holding in the last cited case was that, with our approval of the decree of April 16, 1962, there was no further equity in the original bill. All that remained was for the entry of that decree in the Superior Court and application by the parties for such counsel fees and expenses as that court might deem proper.

Consequently, we denied and dismissed plaintiff's appeal from the judgment sustaining the demurrer and remanded the cause to the Superior Court reiterating that the only question remaining for that court was the award of such counsel fees and expenses that it might deem reasonable.

This brings us, then, to the hearings in 1969 and 1970,

held in connection with defendants' May 1962 motion for allowance of counsel fees and expenses.

They established that three attorneys had represented the defendants: one a member of the New York bar and the other two, members of the Rhode Island bar. They testified concerning their efforts and submitted various exhibits in support thereof. In all, the New York attorney stated he had spent 1,712 hours at the rate of $50 per hour, and the Rhode Island counsel testified they had expended 3,171 hours at the rate of $35 per hour.

In addition, there were several court appearances for which a daily charge of $250 was claimed, and depositions in California and Florida for which a daily charge of $350 was claimed.

All of these charges were for services rendered by them from the time the suit was commenced in 1959, to the 1969 hearings on the motion, and totalled $225,135. In addition, there were, over the same period of time, out-of-pocket expenses of $8,145.33 for which defendants also sought to be reimbursed.

The justice of the Superior Court before whom these hearings were conducted found that, of the 1,712 hours listed by New York counsel, 1,442 were prior to April 16, 1962, and that, of the 3,171 hours listed by Rhode Island counsel, 2,768 were in the same period. The defendants' counsel, however, had disposed of their daily diaries over the years and much of the testimony with reference to the hours spent was unsubstantiated by time records.

Moreover, examining the testimony and exhibits at hand, the court found considerable evidence of duplication of effort on the part of defendants' counsel.

The plaintiff presented three members of the Rhode Island bar who testified that they had had experience in the conduct of will construction suits; that they had examined the record in the instant construction suit; and that, in

their opinions, the time required for meaningful represen-
tation in the instant case would range from 700 to 1,600
hours and that a reasonable hourly rate would range from
$18 to $30 per hour.

In reaching her decision, the Superior Court justice lim-
ited the allowance to services rendered from 1959 to April
1962. Furthermore, because of the absence of time records
for much of the time involved, as well as the duplication
of efforts evident from the record and the testimony of
plaintiff's experts, the Superior Court justice found that
a reasonable allowance of counsel fees would be $48,000
for 1,600 hours work at $30 per hour; $8,500 for 34 court
appearances at $250 each, and $5,000 for all of the deposi-
tions.

In a subsequent decision limited to the question of ex-
penses and interest, the court found that the undisputed
portion of the expenses claimed which was applicable to
the period ending April 1962, was $4,645.33.

With regard to the question of when interest should be-
gin to run, the court expressly found that the delay in the
hearing from May 16, 1962, the day defendants' motion for
allowance was filed, and the hearings in 1969 and 1970,
was not the fault of any of the parties, but that, "[i]t was
the defendants' motion and if they had pressed for a hear-
ing one could have been had at an earlier date." Interest,
therefore, was awarded from the date of the decision, No-
vember 25, 1970, and not from May 16, 1962, as requested
by defendants. Judgment was entered in accordance with
these decisions and all parties seasonably appealed.

I

The Plaintiff's Appeal

In connection therewith, plaintiff advances several as-
signments of error. The first such assignment is that the
Superior Court justice erred in awarding any fees and this
is so, she argues, for either or both of two reasons.

690

She first contends, in this connection, that defendants' efforts conferred no benefit on the estate, which, she argues, is a prerequisite to the award of a counsel fee, citing *Miller* v. *Stern*, 326 Mass. 296, 93 N.E.2d 815 (1950) and *Sackett* v. *Paine*, 128 A.555 (R. I. 1925). Neither case is in point. The instant awards were allowed on the authority of G. L. 1956 (1969 Reenactment) §9-14-25,[3] by the terms of which the Superior Court is vested with jurisdiction to allow reasonable counsel fees and expenses as costs in civil proceedings looking to the construction of wills and trust deeds.

Neither of the cases relied on by plaintiff were concerned with the exercise of that jurisdiction. Indeed, it is well settled that, when a fiduciary commences proceedings for the construction of a will or trust deed under §9-24-28, as is the case here, the parties brought in as defendants become eligible for the exercise of the Superior Court's jurisdictional discretion with regard to whether the estate was benefited. It is their assistance to the court that is the basis for such allowance. *R. I. Hospital Trust Co.* v. *Johnston*, 81 R. I. 115, 99 A.2d 12 (1953) and *Industrial National Bank* v. *Isele*, 110 R. I. 157, 290 A.2d 903 (1972).

Neither is there merit to plaintiff's second contention. It is, in effect, that because the attorneys for defendants to whom counsel fees were awarded had a contingency agreement with their clients, it was an abuse of discretion

---

[3]Section 9-14-25 reads as follows:

"Expenses and counsel fees paid out of decedent's or trust estate.— In any civil action or other proceeding, wherein construction of a will or trust deed or any part thereof is asked, there may be allowed to each of the parties defendant brought in by such action or other proceeding, applying therefor, such reasonable sum for expenses and on account of counsel fees as the court in which such case is pending shall deem proper; such allowance shall be taxed as costs in the cause and be paid out of the estate or fund in the hands of the complainant concerning which estate or fund the construction is asked."

for the Superior Court justice to ignore that agreement and compensate defendants' counsel out of the assets of the estate. This is so, the reasoning goes, because defendants' attorneys, having agreed that they would be compensated for their services by a percentage of the amount of the estate awarded to defendants, and defendants having been awarded nothing, their counsel should not get more than that for which they bargained. As heretofore noted, an award of counsel fees under the statute is premised on the proposition that the services of counsel was of assistance to the court. We perceive no sound reason to ignore that premise simply because the defendants and their attorneys had an agreement which looked to compensation on the basis of benefit to defendants.

But, even so, plaintiff further contends that the counsel fees awarded should not be permitted to stand in that:

"1. Defendants have failed completely to submit convincing proof of the hours of time spent in rendering the services allegedly rendered, or the value thereof:

2. Defendants' claim as to a reasonable hourly charge for services is excessive and unsupported by the evidence; and

3. The allowance of fees under *Section 9-14-25* includes only an allowance 'on account' of defendants' counsel fees."

Although stated as separate assignments of error, plaintiff's quoted reasons numbered one and two are, substantially, that the Superior Court justice's decision as to counsel fees is based on speculation and not supported by the record. While it is true that the Superior Court justice had to resort to drawing of inferences from the evidence at hand, a task which could have been minimized by the availability of the missing records, we do not perceive, from a careful reading of the evidence accepted by her, that her decision rests on speculation.

692

It is well settled that a Superior Court justice's exercise of discretion on these matters will not be disturbed by this court absent a clear showing that said discretion was abused. *Horowitz* v. *LeLacheure*, 81 R. I. 235, 101 A.2d 483 (1953) and *Gartner* v. *Gartner*, 79 R. I. 399, 89 A.2d 368 (1952).

The plaintiff's quoted reason number three is a clear misconception of the award. She argues that the words "on account" are intended to connote that "only a part of the counsel fees may be paid out of the estate." With this as her premise, she next contends that the Superior Court justice's award of counsel fees represents what defendants' attorneys might reasonably have charged their clients and, consequently, that the attorneys should only have been awarded a reasonable percentage thereof.

Assuming without deciding that plaintiff's understanding of the words "on account" is correct, we do not agree that the Superior Court justice misconceived the limitations on her discretion. From a reading of her decision, we think it clear that she was concerned only with the value of the services rendered by the attorneys to the court and not with what they might have charged their clients.

The plaintiff's final assignment of error verges on quibbling. It is that the Superior Court justice erred in ordering that the counsel fees awarded should be paid directly to their attorneys rather than to defendants. In support of this, she points out that the statute provides that counsel fees "may be allowed to each of the parties defendant."

As observed by defendants, the statute is silent as to whom such allowances shall be paid. What it clearly implies, however, is that the sums allowed will be paid to the attorneys if not directly, then ultimately. Moreover, we are at a loss to understand how plaintiff can be heard to complain of that which, if a complaint lies, could only be made by defendants.

For the reasons stated, the plaintiff's appeal lacks merit.

## II

### The Defendants' Appeal

The defendants advance two assignments of error in connection with their appeal. The first such is that the Superior Court justice erred in holding that she was without jurisdiction to award fees for services rendered subsequent to our remand of April 16, 1962. Rather, they contend, in substance, that she had jurisdiction to award reasonable counsel fees for the services performed between that date and our remand of May 22, 1967, ordered in connection with our opinion reported in *Young* v. *Exum,* 102 R. I. 232, 229 A.2d 780 (1967).

That there is no merit to this contention is readily apparent from what we said in the last cited case. There, as previously stated herein, we held that with our remand of April 16, 1962, ordered in connection with our opinion reported in *Young* v. *Exum,* 94 R. I. 143, 179 A.2d 107 (1962), the only jurisdiction remaining in the Superior Court was to fix reasonable counsel fees and expenses for services leading to our remand of April 16, 1962. Such subsequent litigation as may have taken place in connection with the dispute between plaintiff and defendants was unrelated to the proceedings seeking construction of the will, and it was only in connection with services rendered for those proceedings that the Superior Court justice had jurisdiction to award reasonable expenses and counsel fees as costs, taxable to the estate. Section 9-14-25.

Neither is there merit to the defendants remaining assignment of error, namely that the Superior Court justice erred in refusing to allow interest from May 16, 1962, on which date the defendants filed their motion for expenses and counsel fees. The date on which such a motion is filed is immaterial because interest runs from the entry of judgment. *Industrial National Bank* v. *Isele,* 110 R. I. 157,

290 A.2d 903 (1972). It is self-evident that there can be no judgment to enter until there has been a determination that there are reasonable sums for expenses and counsel fees which should be allowed.

Each appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Moore, Virgadamo, Boyle & Lynch, Salvatore L. Virgadamo, Francis J. Boyle, Laurent L. Rousseau,* for plaintiff.

*Friedman & Friedman, Hyman R. Friedman, Gardner, Sawyer, Cottam, Gates, Day & Sloan, Charles F. Cottam* (deceased), for defendants.