The ROWLAND FAMILY TRUST et al.

v.

James PELLETIER et al.

No. 94–255–Appeal.

Supreme Court of Rhode Island.

April 15, 1996.

---

John M. Pelletier, Fall River, MA, Lauren Rousseau, Newport, for defendant.

## OPINION

BOURCIER, Justice.

This case comes before us on appeal from a final judgment entered in favor of the plaintiffs, after trial, in the Newport County Superior Court.

The plaintiffs are the Rowland Family Trust, James H. Walker et al, John P. and Elaine Osborne, Raymond Lundgren et al, Sheila A. Souther, Brian Cacose et al, and Lawrence Gadsby et al (plaintiffs). The defendants are James Pelletier and his wife, Barbara Pelletier (Pelletiers) and John Franco and his wife, Maureen Franco (Francos).

The case below was heard and decided by a justice of the Superior Court sitting without a jury upon an agreed statement of facts from which we derive the following factual recitation.

The defendants, the Pelletiers and the Francos, own two lots abutting the Sakonnet River in the Bonniefield Acres subdivision, a development consisting of twenty lots situated between the Sakonnet River and Punkatest Neck Road in Tiverton, Rhode Island. The plaintiffs own seven other lots in the subdivision, none of which are waterfront properties.

Since at least 1962, the non-waterfront-property owners in the subdivision have used the westerly portion of the defendants' properties as a beach. That portion of the defendants' properties borders the Sakonnet River and is hereinafter referred to as the "disputed area." The plaintiffs' activities on the Pelletiers' portion of the disputed area have included sunbathing, picnicking, lighting campfires, and removing debris. On the Francos' portion of the disputed area, plaintiff property owners have placed boat outhauls [1] and have stored small boats. In 1965 the Pelletiers erected a chain-link fence, running north-south, along the westerly side of their property. After the erection of that

R. Daniel Prentiss, Providence, for plaintiffs.

---

1. An "outhaul" is a method of mooring a boat. In that arrangement, a boat is tied with a loop of rope to an offshore anchored mooring at one end and to an onshore stationary object on the other end. The boat travels along the loop of rope when the shore end is pulled.

fence, plaintiff property owners continued to make use of the disputed area, despite the fact that the fence as erected reduced the area's overall size. The Pelletiers have always maintained exclusive use of their property east of the chain-link fence and plaintiffs have conceded, at both the hearing below and at the hearing before this court, that the area east of the fence is no longer part of the disputed area for purposes of this litigation.

All the lots owned by plaintiffs and defendants were deeded to them by a common grantor, M.G.M. Realty, Inc. All the deeds, with the exception of the Pelletier deed, contain the following paragraph:

"Said premises are conveyed together with the right to use 'Bonniefield Drive' as set forth on said plan, in common with the owners of the adjoining lots as set forth on said plan, for access to the premises conveyed and for access to and from Punkatest Neck Road and the Sakonnet River, and together with the right to use the beach and wharf situated on said river as designated on said plan."

In place of the above paragraph the Pelletier deed contains the following:

"Said premises are conveyed together with the right to use 'Bonniefield Drive' as set forth on said plan in common with the adjoining land owners, for access to the premises conveyed and for access to and from Punkatest Neck Road and the Sakonnet River, together with a right to pass and repass over the Southerly most 50 feet of the 30–foot way running North from the Northerly side of Bonniefield Drive for the purposes of access to the Northeasterly corner of said Lot # 11 [the Pelletier lot], and together with the right to use the beach and wharf situated on said River, as designated on said plan."

The Francos' deed describes the westerly boundary of the property conveyed therein as "the high water mark of the Sakonnet River one hundred forty (140) feet, more or less." The westerly boundary of the property conveyed in the Pelletier deed is described as "the mean high water mark of the Sakonnet River one hundred forty (140) feet, more or less." There is nothing in the plan of the subdivision or in any of the deeds that designates any area as a "beach."

In the Superior Court, plaintiffs sought a declaration recognizing the existence of an easement over a portion of the defendants' properties for use as a beach. The trial justice, sitting without a jury, declared that there was no ambiguity in the language of the deeds and that the deeds conveyed to all property owners in the subdivision an easement to use the disputed area as a beach. To the extent the defendants' lots contained a portion of the easement, the trial justice found that the easement merged with the ownership of the lots. The trial justice declared further that the defendants had constructive, if not actual, notice of the easement because both plaintiffs' and defendants' deeds were recorded and were from a common grantor.

■■■■ "[T]he findings of fact of a trial justice sitting without a jury are accorded great deference and will not be disturbed unless it is demonstrated that he or she misconceived or overlooked material evidence or was otherwise clearly wrong." *State v. Shatney,* 572 A.2d 872, 876 (R.I.1990)(quoting *Oster v. Tellier,* 544 A.2d 128, 131 (R.I.1988)). We find that the trial justice, in reaching her decision, fully examined the clear and unambiguous language of the deeds. That language gives all property owners in the subdivision the right to use the beach. Additionally the trial justice considered all of the evidence concerning the surrounding circumstances of the case and found that it supported her conclusion that the intent to grant an easement was adequately expressed in the deeds. She emphasized that the language conveying the easement was consistent in all the deeds, thereby demonstrating an intent to treat all property owners equally with respect to beach access. Since the defendants already had the right to use the disputed area by virtue of their ownership of the property, the beach-access language would be superfluous in the defendants' deeds unless all property owners were intended to have equal access to the beach and, by inclusion of the beach-access language in their deeds, defendants were intended to have notice thereof. The trial

justice further explained that Bonniefield Drive appears, from the subdivision plan, to serve no purpose other than to provide access to the wharf and to the beach. Thus, she concluded that Bonniefield Drive must have been intended to provide all of the subdivision property owners with access to the beach. On the basis of those facts and findings as well as the plain and unambiguous language of the deeds, the trial justice recognized and found the existence of an easement over the waterfront portion of the defendants' properties for use as a beach by all property owners in the subdivision.

 The trial justice also found that the defendants had either constructive or actual notice of the easement language contained in the deeds of the other property owners because all of the deeds had been timely recorded and were all from a common grantor. Accordingly, despite the fact that plaintiffs' deeds were not directly in the defendants' chains of title, the defendants could have easily discovered the plaintiffs' deeds and the easement language contained in each, relying upon their knowledge of the subdivision plan and the common grantor.

The trial justice defined "beach," for the purposes of the easement, as that area between the high-water mark and the beginning of the uplands. Although the trial justice cited no authority for the use of that definition, it is consistent with our decision in *Waldman v. Town of Barrington,* 102 R.I. 14, 227 A.2d 592 (1967).

We are satisfied from the record that the trial justice thoroughly examined and reviewed the trial evidence in this case, the exhibits submitted by the parties, and the clear and unambiguous language of the various deeds.

We conclude from our review of the record that the trial justice in this case made determinations of credibility and fact that find support in the trial evidence. She thoroughly examined and reviewed the trial exhibits as well as the clear and unambiguous easement language contained in the plaintiffs' deeds and made her findings thereon. Those findings, made by a trial justice sitting without a jury, are entitled to great weight and

will not be disturbed here on appeal unless we find that the trial justice's findings were clearly wrong or that he or she overlooked material trial evidence. *Rodriques v. Santos,* 466 A.2d 306, 309 (R.I.1983). On the record before us, we cannot say that the trial justice's findings in this case were clearly wrong, and we are satisfied that she did not overlook any material evidence.

Accordingly, the defendants' appeal is denied and dismissed, and the judgment of the Superior Court is affirmed. The papers of this case are remanded to the Superior Court.

FLANDERS and SHEA, JJ., did not participate.