**JOHN DOE NO. 1 et al.**

v.

**RHODE ISLAND ETHICS
COMMISSION et al.**

**No. 97–15–Appeal.**

Supreme Court of Rhode Island.

March 5, 1998.

Samuel D. Zurier, Amato DeLuca, Joseph Kelly, Patricia Buckley, Julius Michaelson, Jeffrey Michaelson, William P. Devereaux, Providence, for Plaintiffs.

1. Regulation 1008(a) entitled "Discovery," states in pertinent part, "No discovery between the Executive Director or designee and the Respondent shall be permitted prior to the issuance of the Commission's Finding of Probable Cause * * *."

2. G.L.1956 § 36–14–12 entitled "Investigative powers of the commission" states in pertinent

Virginia M. McGinn, Special Assistant Attorney General, Aaron Weisman, Assistant Attorney General, Martin F. Healey, for Defendants.

Before WEISBERGER, C.J., and LEDERBERG, FLANDERS and GOLDBERG, JJ.

**OPINION**

PER CURIAM.

This case came before the Supreme Court for oral argument on February 3, 1998, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and therefore, the case will be decided at this time.

At issue is whether an individual against whom a complaint has been filed has a right to discovery prior to a finding of probable cause by the Rhode Island Ethics Commission (commission) that a violation has occurred. Only after a finding of probable cause does the commission conduct a formal hearing in order to rule on the merits of a particular complaint. The plaintiffs here, various John Doe individuals whom the commission is investigating, had sought access to discovery materials within the commission's possession that related to their individual cases. The request for discovery was denied by a commission prosecutor who explained that the commission did not permit review of a file unless and until a finding of probable cause was made. The plaintiffs then commenced this action in the Superior Court.

At trial, plaintiffs contended that commission Regulation 1008(a)[1] conflicted directly with G.L.1956 § 36–14–12(c)(4)[2], a statute

part, "(c)(4) * * * before it issues any findings, the commission shall permit the respondent to submit a written statement and/or to appear in person or by counsel for the purpose of presenting arguments and/or written evidence in response to the allegations against him or her. The respondent shall be entitled to examine and make copies of all evidence in the possession of the commission relating to the complaint."

that granted them the right to discovery prior to a finding of probable cause by the commission. · The plaintiffs alleged that commission Regulation 1008(a) illegally abrogated their rights to discovery and thereby infringed upon their rights to due process by denying them an opportunity to adequately prepare their defense strategies.

In their prayer for relief, plaintiffs requested a writ of mandamus to compel the commission's prosecutor to permit them access to all materials relating to the complaints of their alleged violations of ethical rules, a temporary restraining order enjoining the commission from proceeding until plaintiffs had access to the requested materials, and a declaration from the court that commission Regulation 1008(a) was contrary to the law.

On August 15, 1995, the Superior Court entered an order that allowed plaintiffs "to examine and make copies of all evidence in the possession of [the commission] relating to the complaint pending against [each] plaintiff." The order allowed the commission to claim particular evidence as privileged and to withhold information in respect to any confidential informants. This order was not appealed by the commission.

On September 6, 1995, plaintiffs amended their complaint to include a cause of action pursuant to 42 U.S.C. § 1983[3] arising from the denial of plaintiffs' right to due process secured by the Fifth and the Fourteenth Amendments to the United States Constitution. The amended complaint also included a specific request for attorney's fees pursuant to 42 U.S.C. § 1988.[4] On October 19, 1995, seventy-six days after the filing of the initial complaint in this case, plaintiffs completed service on the Office of the Attorney General in accordance with G.L.1956 § 9–30–11, which requires that in the event a "statute, ordinance or franchise is alleged to be uncon-

stitutional, the attorney general of the state shall also be served with a copy of the proceeding."

On November 7, 1995, the Attorney General, on behalf of the commission, filed a motion to dismiss plaintiffs' amended complaint, arguing that plaintiffs failed to serve the Attorney General within a reasonable time. This motion was denied by an order entered February 22, 1996. On March 8, 1996, the Attorney General filed the commission's answer to plaintiffs' amended complaint and denied that the commission had violated 42 U.S.C. § 1983. After the commission filed its answer, counsel for John Doe No. 1 moved for entry of final judgment and for the imposition of attorney's fees. A hearing on these motions was conducted on September 13, 1996.

It is significant that, at the hearing, counsel representing the commission failed to object to the entry of final judgment in favor of plaintiffs. Counsel for the commission did, however, object to the award of attorney's fees under 42 U.S.C. § 1988. Following the hearing, the trial justice entered a final judgment directing the commission to grant each respective plaintiff access to all nonprivileged and nonconfidential materials in the commission's possession. The trial justice also granted the request of John Doe No. 1 for attorney's fees totaling $16,203.30.

In its appeal before this Court, the commission's first claim of error was that plaintiffs failed to properly serve notice of this action upon the Attorney General. We express doubt whether a challenge to an agency's regulations requires service upon the Attorney General. Assuming, without deciding, that a challenge to the commission's regulation requires service upon the Attorney General, we conclude that this claim of error was waived at the time counsel for the commission agreed without objection to the

---

**3.** 42 U.S.C. § 1983 creates a federal cause of action for violation of federal rights. It reads in part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State * * * subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at

law, suit in equity, or other proper proceeding for redress."

**4.** 42 U.S.C. § 1988(b) provides, "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title * * * the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

entry of final judgment. *Fiske v. MacGregor, Division of Brunswick*, 464 A.2d 719, 726 (R.I.1983). Even were we to reach the merits of this argument, however, the identical result would follow. Rule 4(*l*) of the Superior Court Rules of Civil Procedure requires service of a summons and complaint upon a defendant within 120 days after the commencement of an action. If service is not completed in a timely fashion, the action will be dismissed unless the plaintiff can demonstrate good cause for the delay. In this action, service upon the Attorney General was completed within the 120–day period required by the rule, and therefore, dismissal was not warranted on this basis.

The commission next claimed that the trial justice erred as a matter of law in finding that commission Regulation 1008(a) violated plaintiffs' right to due process guaranteed by the Fifth and the Fourteenth Amendments to the United States Constitution. This argument was also waived, however, when counsel for the commission agreed to the entry of final judgment without objection.[5] Thus it may not be raised here on appeal.

The sole issue properly before this Court then is the trial justice's grant of John Doe No. 1's request for attorney's fees pursuant to 42 U.S.C. § 1988. The general rule is that a "prevailing" party ordinarily is entitled to recover attorney's fees pursuant to § 1988 "unless special circumstances would render such an award unjust." *Blanchard v. Bergeron*, 489 U.S. 87, 89 n. 1, 109 S.Ct. 939, 942 n. 1, 103 L.Ed.2d 67, 72 n. 1 (1989) (quoting *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966–67, 19 L.Ed.2d 1263, 1266 (1968)).

The plaintiffs are said to "prevail" when they "succeed on any significant issue in litigation which achieves some of the benefit [they] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 50 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978)). In asserting success, a "plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782, 792, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866, 877 (1989).

In this case, John Doe No. 1 was without question a prevailing party. He had sought, through his lawsuit, discovery of those materials in the commission's possession relating to the ethics complaint brought against him, and this requested discovery was granted by the Superior Court. We do not suggest, however, nor do we intend to imply, that every denial of discovery constitutes a civil rights violation sufficient to warrant an award of attorney's fees pursuant to 42 U.S.C. § 1988. In this case, the trial justice determined that the plaintiffs sufficiently established a denial of their rights to due process to result in a violation of § 1983. Again, we stress that the commission had failed to preserve that substantive constitutional issue for appeal. Hence we are precluded from reviewing the trial justice's finding that the commission violated § 1983. Thus, we are constrained to affirm the award of attorney's fees pursuant to § 1988 on the facts of this case.

In conclusion, for these reasons we reject each of the commission's claims, we deny and dismiss its appeal, and we affirm the judgment of the Superior Court, to which the papers in this case may be remanded.

BOURCIER, J., did not participate.

---

5. Although it is not necessary for us to address the merits of plaintiffs' due process challenge here, it is our opinion that the trial justice was correct in holding that the commission's Regulation 1008(a) directly conflicted with § 36–14–12(c)(4); therefore, that regulation cannot stand. Section 36–14–12(c)(4) clearly grants to plaintiffs the right to discovery prior to the commission's finding of probable cause. *See ante.* A commission regulation may not contravene a legislative act for, as this Court stated unequivocally in *DeAngelis v. Rhode Island Ethics Commission*, 656 A.2d 967, 970 (R.I.1995): "The Rhode Island Ethics Commission like all other agencies of the state is subject to enacted statutory law which is presumed to be valid. Any challenge to that validity must be presented to this court which is the final arbiter of the validity or interpretation of statutory law. * * * Prosecutorial authorities cannot evade statutes because they find it inconvenient or difficult to comply with their provisions."