**Susan KENYON**

v.

**TOWN OF WESTERLY.**

No. 98-123-A.

Supreme Court of Rhode Island.

May 27, 1999.

H. Jefferson Melish.

Paul S. Callaghan, Providence.

**ORDER**

This is an appeal by the Town of Westerly (Westerly) from a judgment entered in the Superior Court granting the plaintiff, Susan Kenyon (Kenyon) attorney's fees pursuant to 42 U.S.C. § 1988, entitled "Proceedings in Vindication of Civil Rights." [1]

This case came before the Supreme Court on April 13, 1999, pursuant to an order directing both parties to appear and show cause why the issues raised in this

---

1. Section 1988 provides in pertinent part:
   "In any action or proceeding to enforce a provision of section * * * 1983 * * *, the court, in its discretion may allow the pre-

   vailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b).

appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and proceed to determine the merits of this appeal at this time.

This controversy has its origin in Westerly's employment of Kenyon as an animal control officer, constable, and police matron beginning July 1, 1987.[2] During her employment with Westerly, Kenyon was promoted to the position of full-time animal control officer on June 21, 1993, but was unilaterally terminated from this post less than one month later, on July 17, 1993, absent a hearing or an opportunity to be heard.[3] According to Westerly, Kenyon's dismissal was in response to several reports of unsanitary conditions at the facility which were attributable to Kenyon's failure to comply with Westerly's sanitation policies.

On August 12, 1993, Kenyon filed a complaint in the Superior Court alleging that the summary termination violated her due process rights pursuant to 42 U.S.C. § 1983. Upon the filing of Kenyon's complaint, a Superior Court justice issued a temporary order that mandated Kenyon's reinstatement as animal control officer, constable, and police matron with pay and benefits retroactive to the date of dismissal. As a result of this order, Kenyon was reinstated but suspended with pay while awaiting a hearing before the town council that was scheduled for August 26, 1993. At this hearing, the council voted five-to-one to remove Kenyon from her position as animal control officer and constable due to the unsanitary conditions at the animal facility that existed during her employment.

Subsequently, Kenyon turned to the Superior Court for relief once again and sought a preliminary injunction based upon alleged defects in the hearing before the town council. Following a trial on the merits, the trial justice entered a judgment in favor of Westerly with respect to all matters occurring subsequent to the August 26, 1993 hearing before the Town Council. However, the trial justice ruled in favor of Kenyon with respect to her civil-rights claims that accrued up to that date, including her right to recover reasonable attorney's fees and the continuation of her employment as police matron. Kenyon appealed the judgment, however, we affirmed the findings of the trial justice and concluded that the original termination was invalid and that her court actions were "necessary in order to protect her right to a pretermination hearing." *See Kenyon v. Town of Westerly*, 694 A.2d 1196, 1200 (R.I.1997). Contrary to the town's argument, this Court also agreed with the trial justice's finding that the town council had not dismissed Kenyon from her position as police matron. However, we affirmed the trial justice's determination that the hearing held before the town council was procedurally adequate. The judgment of the Superior Court was affirmed and we denied and dismissed both appeals.

On September 8, 1997, Kenyon's attorney filed a motion seeking attorney's fees along with a copy of a bill for services rendered in the amount of $40,631.50. This request was limited to $13,485.50, representing the fees earned while pursuing the claims upon which Kenyon had actually prevailed. Westerly objected to Kenyon's motion and argued that the appropriate measure for attorney's fees was only the expenses incurred in order to achieve reinstatement (presumably from the date of her initial dismissal on July 17,

---

**2.** In order to hold the animal control officer position, it was necessary for Kenyon to be designated a constable.

**3.** At oral argument, plaintiff's counsel disclosed that although Kenyon has not technically been dismissed from her position as police matron for the town, the Westerly Police Department has not called upon her to serve in this capacity since the date of her termination as animal control officer and constable.

1993 to the date of her hearing on August 26, 1993, of $1,950). The trial justice granted Kenyon's motion for attorney's fees in the amount of $13,485.50, and the town filed a timely notice of appeal for review by this Court.

In order to be entitled to attorney's fees pursuant to 42 U.S.C. § 1988, a litigant must be a "prevailing party" *Gray v. Romeo,* 709 F.Supp. 325, 326 (D.R.I.1989). A party has prevailed for attorney fee purposes when he or she has succeeded on any significant issue in litigation which achieves some of the benefit sought in bringing suit. *See John Doe No. 1 v. Rhode Island Ethics Commission,* 707 A.2d 265, 267 (R.I.1998) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 50 (1983)) (and *Nadeau v. Helgemoe,* 581 F.2d 275, 278–279 (1st Cir.1978)).

Although Westerly concedes that Kenyon is entitled to legal fees, the town asserts that the amount of the fees should only reflect the issues on which Kenyon actually prevailed. However, we concur with the reasoning of the trial justice that the mere occurrence of Kenyon's reinstatement did not and could not "forestall reimbursement for any activity performed in its wake." In fact, Westerly challenged a number of matters in the "wake" of Kenyon's reinstatement, including Kenyon's continual employment as a police matron, the subject matter jurisdiction over the complaint, a motion to dismiss, and a cross-motion for summary judgment. We agree with the trial justice's finding relative to Kenyon's court actions that "[s]ome portions of her various claims and the concomitant presentation in pursuit of them are inextricably intertwined for reasons of intellectual necessity as well as for procedural requirements." Therefore, Kenyon's attorney had no other recourse other than to defend against these actions, resulting in an increase in attorney's fees.

When a trial justice sits without a jury, her findings of fact are entitled to great deference and will not be disturbed by this Court unless they are clearly wrong. *See Rowland Family Trust v. Pelletier,* 673 A.2d 1081, 1083 (R.I.1996) (citing *State v. Shatney,* 572 A.2d 872, 876 (R.I.1990)) (quoting *Oster v. Tellier,* 544 A.2d 128, 131 (R.I.1988)). Based upon the trial justice's insight and familiarity with the facts and circumstances of this case, we find that the attorney's fee award was well within her discretion and "will not be disturbed absent a clear showing of an abuse of such discretion." *Bitgood v. Allstate Insurance Company,* 481 A.2d 1001, 1008 (R.I.1984); *see also Young v. Exum,* 110 R.I. 685, 692, 296 A.2d 451, 455 (1972).

Accordingly, the defendant's appeal is denied and dismissed and the papers in the case are remanded to the Superior Court.