### Casey A. MULLANE

v.

### Brian M. MULLANE.

### No. 97–492–A.

Supreme Court of Rhode Island.

Oct. 15, 1999.

William F. Holt, Providence.

Lauren E. Jones, Providence.

### ORDER

This case came before the Court for oral argument on September 21, 1999, pursuant to an order directing the parties to appear in order to show cause why the issues raised in this appeal should not be summarily decided. No cause having been shown, we proceed at this time to summarily decide the issues.

3. Slate's appeal was eventually dismissed on procedural grounds with no consideration of the merits of the case.

The parties, Casey Mullane (Casey) and Brian Mullane (Brian)[1], were married on September 29, 1979. Three children were born of the marriage. In 1993, following an incident of domestic violence that had occurred in November of 1992, Casey filed her petition for divorce in the Family Court. The parties attempted to reconcile their marriage but that attempt was short-lived because of Brian's abusive attitude and language directed at Casey and the three minor children, and was capped off by another incident of domestic violence in 1995. That later incident resulted in Brian's arrest and District Court conviction for domestic violence. Reconciliation having failed, Casey proceeded with her petition for divorce.

After trial on Casey's petition, the Family Court trial justice found that a complete breakdown in the marital relation existed. She attributed the breakdown, in large part, to a complete lack of communication between the parties as well as to Brian's abusive attitude, language, and conduct toward Casey and the minor children. She granted Casey's petition for divorce, awarded her sole custody of the three minor children, and reduced Brian's right of visitation with the children from two visits per week and on alternate weekends to one visit per week and on alternate weekends. In apportioning the marital estate, the trial justice credited to Brian's distributive share of the marital estate an amount of $16,736.95, that represented marital estate funds that Brian had taken for himself during the divorce proceedings.[2]

In this appeal Brian asserts that the trial justice erred in awarding sole custody of the three minor children to Casey, limiting his right of visitation, and crediting his distributive share of the marital estate with the monies he had previously taken from the marital estate.

We reject his assertions, deny his appeal, and affirm the Family Court judgment entered by the trial justice.

I

The Findings

"[T]he findings of fact of a trial justice sitting without a jury are accorded great deference and will not be disturbed unless it is demonstrated that he or she misconceived or overlooked material evidence or was otherwise clearly wrong." *Rowland Family Trust v. Pelletier,* 673 A.2d 1081, 1083 (R.I.1996) quoting *State v. Shatney,* 572 A.2d 872, 876 (R.I.1990) (quoting *Oster v. Tellier,* 544 A.2d 128, 131 (R.I.1988)). The record before us clearly supports the trial justice's factual findings concerning custody, visitation and the division of marital assets. Brian's proclamations concerning his fitness as a parent were squarely contradicted by the testimony of Casey, who testified that Brian repeatedly used abusive language in front of the children, that on one occasion he allowed their youngest child to wander out of the house before being returned by police, and that on another occasion he spilled hot coffee on another child, then age four, and later dropped him off at daycare without ever notifying anyone of the injury. The child subsequently required treatment for a second degree burn.

The record also discloses that there were at least three serious incidents of physical abuse by Brian against Casey during the marriage, as well as numerous incidents of verbal abuse. The trial justice specifically attributed "the breakdown of the marriage to the Defendant's violence and his verbal abuse towards the Plaintiff and the children." Additionally, in awarding sole custody of the children to Casey, the trial justice found that:

---

1. For ease of reading, we refer to the parties by their first names because their last names remain identical.

2. Included in that amount were withdrawals from bank accounts standing in the names of the minor children.

"The Plaintiff in this case the Court found to be far more sensitive to the needs and emotions of the children and more willing to act in the children's best interests. In reviewing the care of the children, the Court finds that the Plaintiff has made every effort to maintain the children in a lifestyle similar to that which they had when the parents were living together * * *."

The trial justice also found Casey's trial testimony to be credible and that Brian's testimony lacked credibility. She noted that Brian had violated a previous court order by taking and using monies that had been ordered designated for mortgage payments on the marital home to pay off his personal automobile financing loan. Brian had also initially denied ever using abusive language toward his children but later admitted that he had. The trial justice concluded that "he doesn't tell the truth and that he lies when necessary about significant issues; and this was significant when one is talking about the treatment of children in a case where custody is in issue."

## II

### Visitation

As regards Brian's limited right of visitation, the trial justice, we note, found that in regard to visitation, counseling was necessary "at least to facilitate the visitation between the children and the father, because it's very clear that Mr. Mullane, although he loves his children darely [sic], has a tendency to fly off the handle, so to speak; and this is detrimental to children, and it will impact upon their own behaviors throughout their lives." The trial justice, because of the clear abundance of evidence regarding Brian's attitude, abusive language, and inclination to use violence, determined that it was unnecessary for her, despite Brian's requests, to interview the two older children. The trial justice refused Brian's request because "there has been enough testimony by both the Plaintiff and the Defendant for the Court to have a very strong flavor of what went on in this marriage for a period of at least five or six years."

## III

### Marital Distribution

Concerning the distribution of the marital estate, the trial justice found that Brian had closed two accounts that were in his children's names, and that he commingled those account funds with his own personal assets and used them for his personal benefit. The trial justice found that "he secreted the funds; that he has not accounted to the Court as to the whereabouts of those funds; and the Court finds that he still has those assets available to him." The trial justice additionally found that Brian used funds designated for the marital home mortgage, taxes, and insurance to pay off his personal automobile loan in violation of a previous court order. In light of the record before us, we are unable to conclude that the trial justice was clearly wrong in granting sole custody of the children to Casey, reducing Brian's visitation rights, or assigning and crediting the $16,736.95 in issue here to Brian as part of his share in the division and distribution of the marital estate.

Consequently, we deny and dismiss Brian's appeal and affirm the judgment of the Family Court to which we return the papers in this case.