**Supreme Court**

No. 2016-14-Appeal.
(PC 14-436)

OSJ of Providence, LLC            :

v.                                :

Aly T. Diene.                     :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

OSJ of Providence, LLC       :

v.             :

Aly T. Diene.         :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

# O P I N I O N

**Justice Flaherty, for the Court.**  This case came before the Supreme Court on appeal by the defendant, Aly T. Diene, from a grant of the plaintiff's motion for summary judgment in favor of OSJ of Providence, LLC.  We heard oral argument on this appeal on February 8, 2017, pursuant to an order directing the parties to appear and show cause why the issues raised by this appeal should not summarily be decided.  After considering the parties' oral and written arguments, and after a thorough review of the record, we are of the opinion that cause has not been shown and that this case should be decided at this time without further briefing or argument.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

On February 3, 2012, Bayal Restaurant, Inc. (Bayal) entered into a lease agreement with Shaws Plaza Improvements, LLC, the predecessor in interest to plaintiff, to rent commercial property located at 50 Ann Mary Street in Pawtucket (the premises).  The lease was for a term of

five years with a rent commencement date set at 240 days after delivery of the premises.[1]  The

monthly rent for the first year was $4,000.[2]  In consideration of the lease, Diene, as president of

Bayal, executed a personal guaranty.  That guaranty provided that the guarantor

> "do[es] hereby absolutely and unconditionally guarantee to
> Landlord, its successors and assigns, the full and prompt payment
> when due, of all rents, charges and additional sums coming due
> under said Lease, together with the performance of all covenants
> and agreements of the Tenant therein contained and together with
> the full and prompt payment of all damages that may arise or be
> incurred by Landlord in consequence of Tenant's failure to
> perform such covenants and agreements * * * and the undersigned
> further agree[s] to pay all expenses, including attorneys' fees and
> legal expenses, paid or incurred by Landlord in endeavoring to
> collect or enforce the Liabilities or any part thereof and in
> enforcing this Guaranty, such payment and performance to be
> made or performed by the undersigned forthwith upon a default by
> Tenant."

By its terms, the guaranty was to "expire on the last day of the twelfth (12th) full month

following the Rent Commencement Date (as defined in the Lease)."

On January 31, 2013, title to the premises was conveyed to plaintiff, OSJ.  In conjunction

with the conveyance, an assignment and assumption agreement was executed, effectively

transferring all rights of the seller to plaintiff.  Thus, OSJ assumed both the lease with tenant,

Bayal, as well as the guaranty that had been signed by defendant.

Shortly thereafter, Bayal defaulted on the terms of the lease as a result of its failure to pay

the monthly rental amounts for February 2013, March 2013, and April 2013.[3]  On May 10, 2013,

---

[1] The record indicates that the rent commencement date was September 30, 2012.

[2] The monthly rent for the second, third, fourth, and fifth years was as follows: $4,120.00, $4,243.60, $4,370.91, $4,502.04.

[3] The defendant claims that Bayal's inability to pay rent was due to OSJ's failure to plow the premises during a snowstorm on February 8, 2013.  He maintains that OSJ "knew or should have known to plow the [premises]" and, therefore, OSJ willfully breached section 19.2 of the lease. Section 19.2 of the lease provided that "Landlord agrees to maintain and operate, or cause to be maintained or operated * * *, such Common Area at all times following completion thereof for

plaintiff sent Bayal a letter, which was addressed to the attention of Diene, demanding $12,686 in overdue rent, interest, and fees.[4] Following this letter, plaintiff received a check from defendant in the amount of $8,000. When Bayal failed to satisfy the outstanding amount from the May 10, 2013 letter, plaintiff again corresponded with Bayal, demanding Bayal pay the remaining $8,890.67 "[i]n order to fully cure [the] [d]efault and avoid termination of the Lease." Ominously, both letters reminded defendant "that under the terms of the Guaranty that [he] executed on January 26, 2012, [he], as Guarantor, [was] responsible for all amounts due and owing to Landlord under the Lease."

Subsequently, on June 24, 2013, after receiving no further payments, plaintiff filed a complaint for eviction for nonpayment of rent. About a month later, the parties entered into a stipulated judgment. The terms of the stipulation provided that judgment would enter against Bayal in the amount of $16,907.81. The stipulation further specified that "[a]ll other terms and conditions of the lease between the parties [would] remain in full force and effect."

On January 27, 2014, after Bayal failed to make any payments pursuant to the stipulated judgment, plaintiff filed a complaint against defendant for default on the guaranty. Along with his answer, defendant filed a counterclaim against plaintiff, which was later dismissed. The plaintiff then moved for summary judgment. After a hearing in March 2015, judgment was

the benefit and use of Tenant * * *." Nevertheless, the issue of Bayal's default is not before this Court. Significantly, the parties entered into a stipulated judgment, under the terms of which Bayal was responsible for $16,907.81. Execution of the judgment for possession was stayed provided Bayal made a lump sum payment in partial satisfaction and periodic payments to cure the default. Clearly, this was a judicial admission that Bayal had breached the lease because it had failed to pay the rent set forth in the lease.

[4] Notably, defendant was the sole officer and director of Bayal; thus, the salutation of OSJ's letter appropriately addressed him by name.

entered in favor of plaintiff and against defendant as to defendant's liability under the guaranty.[5]

After a subsequent hearing in August 2015 to determine the amount of damages owed to OSJ, judgment was entered in favor of plaintiff and against defendant in the amount of $37,760.04.[6] The defendant timely appealed to this Court.

## II

## Standard of Review

"This Court reviews de novo a trial justice's decision granting summary judgment." Rose v. Brusini, 149 A.3d 135, 139 (R.I. 2016) (quoting Sola v. Leighton, 45 A.3d 502, 506 (R.I. 2012)). "We will affirm a [trial] court's decision only if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." Newstone Development, LLC v. East Pacific, LLC, 140 A.3d 100, 103 (R.I. 2016) (quoting Daniels v. Fluette, 64 A.3d 302, 304 (R.I. 2013)). Furthermore, "[t]he party opposing 'a motion for summary judgment carries the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions.'" Rose, 149 A.3d at 140 (quoting National Refrigeration, Inc. v. Standen Contracting Co., 942 A.2d 968, 971 (R.I. 2008)).

## III

## Analysis

On appeal, defendant argues that (1) plaintiff's suit is untimely because it was filed three months after the guaranty had expired; (2) the hearing justice erred when he refused to permit a

---

[5] Importantly, the pro se defendant did not provide a transcript of the March 2015 hearing on plaintiff's motion for summary judgment to this Court. During oral argument, defendant indicated that he had ordered the transcript, but that he had not filed it with the clerk's office.
[6] Again, defendant has not provided us with a transcript of the August 2015 hearing.

defense that plaintiff breached the lease first; and (3) the hearing justice erred when he awarded plaintiff's attorney's fees and "extra" rent as part of the assessment of damages.

"The formation of a guaranty contract, like any other contract, is governed by the principles of mutual assent, adequate consideration, definiteness, and meeting of the minds." 38 Am. Jur. 2d Guaranty § 1 at 948 (2010). After formation is established, a court can employ judicial construction of an agreement if it first finds that the agreement is ambiguous. See W.P. Associates v. Forcier, Inc., 637 A.2d 353, 356 (R.I. 1994). However, "[i]f the court finds that the terms of an agreement are clear and unambiguous, the task of judicial construction is at an end and the agreement must be applied as written." Id. (citing Aetna Casualty & Surety Co. v. Graziano, 587 A.2d 916, 917 (R.I. 1991)). To determine whether the terms of the agreement are clear and unambiguous, the agreement "must be viewed in its entirety and its language be given its plain, ordinary and usual meaning." Id. (citing Antone v. Vickers, 610 A.2d 120, 123 (R.I. 1992)).

Significantly, the validity of neither the lease nor the guaranty has been raised. Furthermore, it has not been argued that there is any ambiguity in either document. Therefore, the language of the agreement will be given its plain and ordinary meaning.

In our opinion, defendant's statute of limitations argument is misplaced. The expiration of the guaranty is a term of the agreement that is unrelated to the statute of limitations for a breach of guaranty claim.[7] Here, the guaranty was to "expire on the last day of the twelfth (12th) full month following the Rent Commencement Date (as defined in the Lease)." Therefore, the expiration date was September 30, 2013. The defendant is simply incorrect when he argues that

---

[7] The statute of limitations for bringing a breach of contract claim is ten years. See G.L. 1956 § 9-1-13. There can be no dispute that plaintiff filed its breach of guaranty claim well within the applicable ten years.

this was the last day that plaintiff could have brought its claim against him. The defendant cites to Order of United Commercial Travelers of America v. Wolfe, 331 U.S. 586, 608 (1947), for the proposition that, "in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations * * *." Although that is an accurate statement, no such provision existed in the guaranty before us here. Rather, the guarantor, Diene, guaranteed "the full and prompt payment when due, of all rents, charges and additional sums coming due under said Lease" until September 30, 2013. This does not mean that plaintiff had only until September 30, 2013 to bring an action against defendant; this date signified when the guaranty would "cease[] to exist." Black's Law Dictionary 700 (10th ed. 2014) (defining "expiration date"). Therefore, it is our opinion that defendant's argument is without merit and plaintiff's claim was not time-barred.

The defendant's next contention is that summary judgment was inappropriate because genuine issues of material fact still remained. Specifically, defendant argues that the hearing justice erred when he refused to allow defendant to argue that plaintiff breached the lease first.[8] As we have explained earlier, Bayal's liability to plaintiff was decided in the eviction action in the District Court, and defendant has guaranteed that liability. He cannot now raise defenses to that action. Therefore, we will not entertain his second bite at the apple.

Finally, the defendant asserts that the hearing justice erred when he granted the plaintiff attorney's fees and "extra" rent under the guaranty. As we have elucidated earlier in this opinion, the terms of the guaranty are clear and unambiguous, and, therefore, the language of the

---

[8] The plaintiff, however, argues that defendant was indeed allowed to present his defense that OSJ breached the lease. Although it is difficult for us to fully ascertain what occurred in the lower court without a transcript of the hearings, we have reviewed the lower court record to the extent possible to determine what may have transpired.

agreement will be given its plain and ordinary meaning. The guaranty expressly provided for attorney's fees when it included the following: "the undersigned further agree[s] to pay all expenses, including attorneys' fees and legal expenses, paid or incurred by Landlord in endeavoring to collect or enforce the Liabilities or any part thereof and in enforcing this Guaranty." Furthermore, the lease contained an "Additional Rent" provision, which included "all sums of money required to be paid pursuant to the terms of Article 8 (Utilities and Air Conditioning) and 17 (Repairs and Maintenance), and all other sums of money or charges required to be paid by Tenant under this Lease * * *." The guaranty also provided for this when it included that "the full and prompt payment when due, of all rents, charges and additional sums coming due under said Lease * * *." (Emphasis added.) Accordingly, it is our opinion that the hearing justice appropriately gave the language of the guaranty its plain and ordinary meaning and properly determined the damages that the defendant owed to OSJ. Therefore, after reviewing the admissible evidence in the light most favorable to the defendant, we conclude that no genuine issue of material fact exists and that the hearing justice appropriately granted the plaintiff's motion for summary judgment.

## IV

### Conclusion

For the foregoing reasons, the defendant's appeal is denied and the judgment appealed from is affirmed. The papers in this case are remanded to the Superior Court.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | OSJ of Providence, LLC v. Aly T. Diene |
| **Case Number** | No. 2016-14-Appeal. (PC 14-436) |
| **Date Opinion Filed** | February 24, 2017 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Francis X. Flaherty |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Jeffrey A. Lanphear |
| **Attorney(s) on Appeal** | For Plaintiff: Lisa A. Adelman, Esq. |
| | For Defendant: Aly T. Diene, Pro Se |