Supreme Court
No. 2018-282-Appeal.

OSJ of Providence, LLC      :

v.      :

Aly T. Diene.      :

**O R D E R**

The defendant, Aly Diene, appeals from an order denying his "Motion for Postjudgment Relief Petition for Perjury." In a previous decision, this Court addressed Mr. Diene's appeal from the entry of final judgment in favor of the plaintiff, OSJ of Providence, LLC (OSJ); and we unanimously affirmed that judgment. *OSJ of Providence, LLC v. Diene*, 154 A.3d 460, 461-62 (R.I. 2017). This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After examining the written and oral submissions of the parties and after a thorough review of the record, we are of the opinion that this appeal may be resolved without further briefing or argument.

As the facts of the underlying dispute are detailed in our previous decision, we shall relate here only the facts that are directly relevant to the present appeal. On May 10, 2017, after the Superior Court had entered final judgment in favor of OSJ and after this Court had issued its opinion affirming that judgment, Mr. Diene filed a "Motion for Postjudgment Relief Petition for Perjury" in the Superior Court, alleging that OSJ, through its attorney, had made false statements and had introduced misleading documents at the Superior Court hearing that was conducted to

- 1 -

determine the amount of damages owed to OSJ.[1]  OSJ objected to that motion, contending that Mr. Diene had failed to present sufficient evidence to warrant postjudgment relief under Rule 60 of the Superior Court Rules of Civil Procedure.  On April 13, 2018, the hearing justice heard argument on Mr. Diene's motion, but she reserved issuing a decision at that time so as to give the parties the opportunity to present further arguments.[2]  On April 17, 2018, Mr. Diene filed another "Motion for Postjudgment Relief Petition for Perjury," making the same contentions as he had in his first motion.  On April 24, 2018, after hearing arguments as to both the motion filed in May of 2017 and the motion filed in April of 2018, the hearing justice denied both motions.  An order to that effect entered, and Mr. Diene appealed.

On appeal, Mr. Diene contends: (1) that the hearing justice erred by denying his motion for postjudgment relief based on a clerical error; (2) that the hearing justice erred by denying his motion for postjudgment relief based on new evidence; and (3) that he was "denied a fair trial and his civil right to a fair hearing."[3]  In his written submission to this Court, Mr. Diene does not identify the clerical error or new evidence that he alleges warranted a grant of postjudgment relief, nor does he explain how he was denied a fair hearing.  As we have often said, we "deem

---

[1]     The referenced Superior Court hearing was held in August of 2015 before the entry of final judgment in favor of OSJ.  *OSJ of Providence, LLC v. Diene*, 154 A.3d 460, 463 (R.I. 2017).

[2]     On April 20, 2018, an order entered denying Mr. Diene's first "Motion for Postjudgment Relief Petition for Perjury."  At the hearing on April 24, 2018, the hearing justice noted that she had signed that order in error as she remembered that she had indicated to the parties that she would reserve her decision until a later date.

[3]     The day before oral argument, Mr. Diene submitted a document to this Court entitled "Motion to Consider Perjury Based on Newly Discovered Evidence."  Even prescinding from the fact that this most recent filing is not authorized by the Supreme Court Rules of Appellate Procedure, the arguments raised therein were not presented to the Superior Court and, therefore, are not properly before us on appeal. *See Adams v. Santander Bank, N.A.*, 183 A.3d 544, 548 (R.I. 2018).

an issue waived 'when a party [s]imply stat[es] an issue for appellate review, without a meaningful discussion thereof * * *.'" *A. Salvati Masonry Inc. v. Andreozzi*, 151 A.3d 745, 750 (R.I. 2017) (quoting *In re Jake G.*, 126 A.3d 450, 458 (R.I. 2015)). Such is the case "[e]ven when a party has properly preserved its alleged error of law in the lower court * * *." *McGarry v. Pielech*, 108 A.3d 998, 1005 (R.I. 2015); *see Terzian v. Lombardi*, 180 A.3d 555, 557 (R.I. 2018). Mr. Diene's submission to this Court entitled "Notice of Appeal" contains no cognizable legal argument. Therefore, we hold that each of Mr. Diene's arguments on appeal are waived.

We conclude by observing that Mr. Diene has clearly had his day in court. In our considered judgment, "[i]t is time for this litigation to end." *Arena v. City of Providence*, 919 A.2d 379, 396 (R.I. 2007); *see Gunn v. Union Railroad Co.*, 27 R.I. 320, 337, 62 A. 118, 125 (1905).

For the reasons set forth in this order, we affirm the order of the Superior Court. The record may be returned to that tribunal.


Entered as an Order of this Court, this 3rd day of December, 2019.

By Order,


_____/s/_____

Clerk

# STATE OF RHODE ISLAND AND ⚓ PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | OSJ of Providence, LLC v. Aly T. Diene. | |
| **Case Number** | No. 2018-282-Appeal.<br>(PC 14-436) | |
| **Date Order Filed** | December 3, 2019 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer From Lower Court** | Associate Justice Maureen B. Keough | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Lisa A. Adelman, Esq. | |
| | For Defendant:<br><br>Aly T. Diene, Pro Se | |