March 15, 2022

**Supreme Court**

No. 2019-412-Appeal.
No. 2019-413-Appeal.
(NC 11-234)

America Condominium Association,   :
      Inc., et al.

         v.            :

Stefania M. Mardo, as Trustee of the   :
    Constellation Trust-2011, et al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2019-412-Appeal.
No. 2019-413-Appeal.
(NC 11-234)

America Condominium Association,  :
    Inc., et al.

             v.                :

Stefania M. Mardo, as Trustee of the  :
    Constellation Trust-2011, et al.

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  The plaintiffs, America Condominium

Association, Inc. and Capella South Condominium Association, Inc., appeal from a

September 18, 2019 final judgment of the Newport County Superior Court

awarding plaintiffs what they consider to be an inadequate amount of attorneys'

fees and costs in the total amount of $25,472.33.  On appeal, they contend that:

(1) "[t]he Superior Court erroneously held that it could only award fees and costs

that were directly and solely related to the contract claim [at issue];" and (2) "[t]he

Superior Court erroneously held that it would not award [fees that a witness for the

plaintiffs who testified as to the reasonableness of attorneys' fees] incurred in

rendering his opinions, or for the affidavits of [Diane S.] Vanden Dorpel and

- 1 -

[Sandra M.] Conca, or for other relevant work." (Internal quotation marks omitted.)

The defendant, Stefania M. Mardo, as Trustee of the Constellation Trust-2011 (the Trust),[1] cross-appeals from the same September 18, 2019 final judgment. She avers on appeal that "[t]he Trial Court erred as a matter of law by awarding" attorneys' fees to the plaintiffs for their efforts to recover attorneys' fees in the underlying case (fees on fees). She contends that: (1) plaintiffs waived their claim for fees on fees; and (2) that the Goat Island South Condominium Second Amended and Restated Declaration of Condominium (GIS SAR) "does not permit or authorize such an award."

For the reasons set forth in this opinion, we affirm the final judgment of the Superior Court.

## I

### Facts and Travel

This is far from the first time this Court has been called upon to contend with issues that have arisen with respect to the Goat Island South Condominium at issue in this case. *See Sisto v. America Condominium Association, Inc.*, 140 A.3d

---

[1] Harbor Houses Condominium Association, Inc. is also a defendant in this case. However, as reflected in the Superior Court's September 5, 2019 decision at issue in this appeal, plaintiffs withdrew their motion for attorneys' fees as to Harbor Houses Condominium Association, Inc., and that Association is not involved in this appeal.

- 2 -

124 (R.I. 2016) (*Sisto II*); *America Condominium Association, Inc. v. Stefania M. Mardo, as Trustee of the Constellation Trust-2011*, 140 A.3d 106 (R.I. 2016) (*America Condo I*); *IDC Properties, Inc. v. Goat Island South Condominium Association, Inc.*, 128 A.3d 383 (R.I. 2015); *Sisto v. America Condominium Association, Inc.*, 68 A.3d 603 (R.I. 2013) (*Sisto I*); *America Condominium Association, Inc. v. IDC, Inc.*, 870 A.2d 434 (R.I. 2005); *America Condominium Association, Inc. v. IDC, Inc.*, 844 A.2d 117 (R.I. 2004). In view of the plethora of information provided in those opinions, we will in this opinion provide only the facts necessary to decide the issues currently before us. We reiterate, once again, and hopefully for the last time, our conviction that "[w]e are more than persuaded that the [parties to this case] have had their day in court—and then some" and that "[t]he time has come for this litigation to end." *IDC Properties, Inc.*, 128 A.3d at 394 (internal quotation marks omitted).

## A

### The Underlying Case

On April 19, 2011, plaintiffs filed a verified complaint in this case. The complaint alleged that the Trust was expanding the condominium unit at issue—Unit 18—"onto limited common elements and thereby chang[ing] Unit No. 18's boundaries * * *." The complaint contained four counts. Count One alleged violation of the Rhode Island Condominium Act, specifically G.L. 1956

§ 34-36.1-2.17(d). Count Two alleged breach of the GIS SAR. Count Three alleged violation of restrictive covenants, and Count Four alleged common law trespass.

On February 25, 2014, a final judgment ultimately entered in Superior Court. The judgment reflected the fact that the trial justice had found in plaintiffs' favor on Counts One, Two, and Four; the trial justice deemed Count Three to be moot. The final judgment went on to enjoin the Trust from "further expanding [the unit at issue] beyond any expansion that ha[d] already been completed" as of August 22, 2012. It further denied plaintiffs' request for attorneys' fees and costs and their request for an injunction mandating the removal of the expansion of the unit at issue. The plaintiffs appealed to this Court, and the Trust filed a cross-appeal.

In that case—*America Condo I*—we upheld the judgment of the Superior Court in part and vacated that judgment in part. *America Condo I*, 140 A.3d at 109. We held that it had already been established by our opinion in *Sisto I*, 68 A.3d at 614, that the Trust's expansion of the unit at issue violated the Condominium Act. *Id.* at 113. We further held that the trial justice did not err in finding that the Trust breached the GIS SAR and also that she did not err in "declining to contend with the restrictive covenants claim since it was not necessary for her to do so." *Id.* at 114, 115. We further upheld the trial justice's

- 4 -

determination that the expansion of the unit at issue constituted a common law trespass. *Id.* at 117.

Where this Court's view differed from that of the trial justice was with respect to her denial of plaintiffs' request for an award of attorneys' fees and costs. *Id.* at 116-17. We focused our analysis entirely on the question of whether or not there was a basis in the GIS SAR for the award of attorneys' fees and costs, holding that § 11.3 did in fact provide "a basis for an award of attorneys' fees and costs in the instant case where plaintiffs were enforcing rights provided for in the GIS SAR." *Id.* at 116. We went on to hold that the trial justice was not free to decline to award any fees and costs when § 11.3 of the GIS SAR used the word "shall * * *." *Id.* We remanded the case for "the trial justice's valuation of the attorneys' fees and costs to be awarded." *Id.* at 117.

**B**

**The Litigation on Remand Concerning Attorneys' Fees and Costs**

On remand, plaintiffs filed a motion for attorneys' fees and costs seeking $233,688 in attorneys' fees and $3,866.94 in costs for the underlying litigation. The plaintiffs further sought post-judgment interest from the date of the original judgment—February 15, 2014. Lastly, plaintiffs' motion requested "reasonable costs and attorneys' fees incurred while enforcing their right to the fees in the underlying litigation" (fees on fees) and stated that plaintiffs would be submitting

additional affidavits in support of those fees and costs. Attached to the motion for attorneys' fees and costs were the following: (1) an affidavit of Timothy J. Groves, who had been one of plaintiffs' attorneys, accompanied by invoices for his services; (2) an affidavit of Robert C. Shindell, who also provided legal representation to plaintiffs, accompanied by invoices for his services; (3) an affidavit of Diane S. Vanden Dorpel, a condominium owner in the Goat Island South Condominium, with accompanying exhibits; (4) an affidavit of Sandra M. Conca, a condominium owner in the Goat Island South Condominium; and (5) an affidavit of Brian G. Bardorf, an attorney retained by plaintiffs as their witness with respect to the reasonableness of attorneys' fees.[2]

A hearing of five days duration commenced on August 22, 2017. The only witness to testify was plaintiffs' witness, Attorney Brian Bardorf.

### 1. The Testimony of Brian Bardorf

Attorney Bardorf testified for plaintiffs with respect to the reasonableness of plaintiffs' proposed attorneys' fees. He testified that he had been practicing condominium law since 1973 or 1974. He further testified that he reviewed all the legal invoices provided to him by plaintiffs' attorneys, which dealt with the period

---

[2]    The plaintiffs also eventually filed a supplemental affidavit of Attorney Groves with accompanying invoices, which invoices the affidavit stated had been "inadvertently omitted" from the original affidavit. The supplemental affidavit and attached invoices were entered as an exhibit at the hearing on attorneys' fees for identification only.

from March 10, 2010 to December 12, 2016. He stated that there was "nothing unusual or unreasonable" about the rates charged by plaintiffs' attorneys and that those rates were in fact "quite modest." It was his testimony that he subtracted $24,416.55 from what he deemed to be the total attorneys' fees award because, in his opinion, those were unrelated charges. He consequently concluded that a fair and reasonable fee would be $233,688.44.

On cross-examination, Attorney Bardorf acknowledged that the attachments to the affidavits filed with the Court by plaintiffs' attorneys reflected a total amount of only $224,960—not $233,688.44. He admitted that he did not read the pertinent affidavits until *after* he rendered his opinion in March of 2017, and he further admitted that he had not read any of the pleadings in the case, including the complaint. Attorney Bardorf stated that he had relied on the findings of fact contained in the Superior Court decision in the instant case and in *America Condo I*. He further acknowledged that he was not familiar with the term "mandate rule."

Attorney Bardorf also acknowledged on cross-examination that he was not familiar with the term "lodestar" in connection with the calculation of attorneys' fees at the time that he set forth, in his affidavit, his opinion as to reasonableness. He further testified that, with respect to that term, he did "look it up" after it was referenced at his deposition because he had "a different understanding of lodestar." That being said, it was also his testimony that, even though he was not familiar

with the term as such, it was "exactly what [he] did in going through the * * * billings." Attorney Bardorf added that he had not deducted any fees relating to the common law trespass count, the restrictive covenant count, or the count alleging violation of the Condominium Act because, in his view, the four counts in the complaint were all "intermingled" and dealt with "the same set of circumstances * * *." He also admitted that he did not deduct any block billing.

After the hearing, the parties submitted post-hearing memoranda. In the plaintiffs' post-hearing memorandum, they noted that there were discrepancies between the affidavits/invoices of Attorney Groves and Attorney Shindell on the one hand and the invoices reviewed by Attorney Bardorf on the other. The plaintiffs stated that, for that reason, they were limiting their request for fees and costs in the underlying matter to those reflected in the invoices attached to the affidavits of Attorney Groves and Attorney Shindell which had been submitted to the court. They stated that, for that reason, they were consequently seeking only $225,235.23 in fees and $3,685.15 in costs. The plaintiffs also requested that the court award them fees on fees in the amount of $38,165 in attorneys' fees and $12,175.38 in costs, and they attached to their post-hearing memorandum an affidavit of Attorney Bardorf and an affidavit of plaintiffs' counsel Thomas W. Lyons, as well as relevant invoices. In reply, the Trust disputed plaintiffs' entitlement to fees on fees solely on waiver grounds. It further stated that, if the

Superior Court did not find that plaintiffs had waived their fees on fees request, the Trust requested the right to conduct discovery and to have an evidentiary hearing.

## 2. The Decision of the Trial Justice

On September 5, 2019, the trial justice issued a written decision in the case. The trial justice began her analysis by explaining the mandate rule; she noted that that rule provides that, on remand from this Court, the Superior Court "is bound by the decree as the law of the case, and must carry it into execution according to the mandate." (Quoting *Sisto II*, 140 A.3d at 128.) The trial justice concluded that the "mandate from the Supreme Court [in this case] is for the Court to award attorneys' fees and costs only for the breach of contract claim."[3] She also stated that there was "no statutory or contractual liability for attorneys' fees" with respect to the other claims. The trial justice consequently concluded that she would consider only the entries on the invoices that were "specifically allocated to the breach of contract claim * * *."

The trial justice found credible Attorney Bardorf's testimony that the rates charged by the attorneys were reasonable; however, she noted that she was "troubled" by the fact that Attorney Bardorf had not read the pleadings, including the complaint. She further determined that she must discount all block billing. The trial justice then listed all of the entries on the invoices which related directly

---

[3] It is clear from the record that, when the trial justice spoke of the "breach of contract claim," she was referring to the Trust's breach of the GIS SAR.

- 9 -

to the breach of GIS SAR claim, and she reached the conclusion that plaintiffs were entitled to $5,862 in attorneys' fees in the underlying action.

With respect to court costs relative to the underlying matter, the trial justice noted that neither the affidavit of Attorney Groves nor that of Attorney Shindell itemized costs, and she also noted that the attached invoices contained few receipts. She allowed plaintiffs to recover for the cost of the filing fees, the service of process, obtaining trial transcripts, binding the briefs, and some travel costs. She held that plaintiffs had failed to properly support their claims for photocopying expenses, "express and/or overnight mail," and "messenger and/or delivery services." She awarded a total of $1,805.33 in costs with respect to the underlying case.

The trial justice then proceeded to consider the issue of fees on fees, and she determined that such an award was appropriate. She then concluded that the hourly rate being charged by Attorney Lyons was reasonable. However, she discounted some of his billing that related to the case against Harbor Houses Condominium Association, Inc. (Harbor Houses) as differentiated from the Trust; and she discounted any billing where it was unclear whether the description related to Harbor Houses or the Trust. She further discounted all charges related to the production of the Vanden Dorpel and Conca affidavits, finding those affidavits not to be relevant. She also discounted any charges stemming from insufficiently

specific affidavits and all block billings. Lastly, she discounted the attorneys' fees relating to the drafting of the supplemental affidavit of Attorney Groves, since the need for a supplemental affidavit was occasioned by a mistake on plaintiffs' part.

After the just-mentioned deductions, the trial justice found that $23,740 in attorneys' fees remained. However, she further discounted that number by twenty-five percent because Attorney Bardorf "did not appear fully informed in preparation for the hearing" and because she determined "that it would be unreasonable to charge the Trust for all of the time the Trust expended illustrating various discrepancies in the expert attorney's testimony and exhibits." She arrived at a final figure of $17,805 in attorneys' fees as to the fees on fees matter. The trial justice, in her discretion, denied the request for court costs related to Attorney Bardorf and his "[s]tatement" because she found that his opinion "had deficiencies * * *." She further denied costs for transcripts and "documents from WarRoom Document Solutions" because plaintiffs had not provided sufficient documentation to support their request.

Thus, the trial justice held that plaintiffs were entitled to $5,862 in attorneys' fees and $1,805.33 in costs on the underlying case and $17,805 in fees on fees.

Final judgment reflecting the decision of the trial justice entered on September 18, 2019, awarding plaintiffs a combined total of $25,472.33 in

attorneys' fees and court costs. The plaintiffs filed a timely appeal to this Court, and the Trust filed a timely cross-appeal.

## II

## Standard of Review

It is a basic principle that, "in conducting a review of a trial justice's award of attorneys' fees, '[t]he issue of whether there exists a *basis* for awarding attorneys' fees generally is legal in nature, and therefore our review of such a ruling is *de novo*.'" *America Condo I*, 140 A.3d at 115 (emphasis in original) (quoting *Dauray v. Mee*, 109 A.3d 832, 845 (R.I. 2015)). "[O]nly if it is determined that there is such a [legal] basis, then this Court will review a * * * justice's actual award of attorneys' fees for an abuse of discretion." *Id.* (quoting *Dauray*, 109 A.3d at 845).

As for the mandate rule, "we review *de novo* whether [the lower court] faithfully and accurately followed our mandate on remand." *Portsmouth Water and Fire District v. Rhode Island Public Utilities Commission*, 150 A.3d 596, 602-03 (R.I. 2016) (emphasis in original) (quoting *American States Insurance Co. v. Synod of the Russian Orthodox Church Outside of Russia*, 170 F. App'x 869, 872 (5th Cir. 2006)).

## Analysis

### A

### Fees in the Underlying Action

The plaintiffs contend on appeal that "[t]he Superior Court erroneously held as a matter of law that it could only award fees and costs that were directly and solely related to the contract claim;" they aver that, in so doing, the trial justice misapplied this Court's opinion in *America Condo I.* (Internal quotation marks omitted.) The plaintiffs further posit that the GIS SAR provided for the award of "*all* court costs and attorney's fees," which provision they believe includes not simply fees and costs incurred with respect to the claim concerning the breach of the GIS SAR. In a further argument quite apart from the one based on their reading of the GIS SAR, plaintiffs contend that they should be awarded attorneys' fees and costs with respect to the other claims in this case because, as Attorney Bardorf opined in his testimony, all of the various claims are factually and legally intertwined. Lastly, they argue that the award of attorneys' fees for the underlying action was so low as to not be reasonable.[4]

---

[4] The plaintiffs also aver that they are entitled to attorneys' fees under the Rhode Island Condominium Act for the count in the complaint alleging violation of that Act. *See* G.L. 1956 § 34-36.1-4.17. However, that contention is unavailing given the mandate of *America Condominium Association, Inc. v. Stefania M. Mardo, as Trustee of the Constellation Trust-2011*, 140 A.3d 160 (R.I. 2016) (*see*

In response, the Trust avers that the trial justice properly applied this Court's mandate. It further contends that the language "all court costs and attorney's fees" in the GIS SAR does not mean costs and fees for claims other than the claim concerning the breach of the GIS SAR. The Trust then goes on to argue that, due to the inconsistencies in the invoices and affidavits submitted by plaintiffs and in Attorney Bardorf's testimony, plaintiffs failed to adequately prove by competent evidence that they should receive any attorneys' fees and costs with respect to the underlying matter.

This Court has "staunch[ly] adhere[d] to the 'American rule' that requires each litigant to pay its own attorney's fees absent statutory authority or contractual liability." *Tri-Town Construction Co., Inc. v. Commerce Park Associates 12, LLC*, 139 A.3d 467, 478 (R.I. 2016) (internal quotation marks omitted); *see also Sophie F. Bronowiski Mulligan Irrevocable Trust v. Bridges*, 44 A.3d 116, 122 (R.I. 2012).

When attorneys' fees are appropriately awarded pursuant to statutory or contractual authority, we look to whether that award is both fair and reasonable based on the facts and circumstances of each particular case. *See Palumbo v. United States Rubber Co.*, 102 R.I. 220, 223, 229 A.2d 620, 622 (1967). In

_____

*infra*) and given the fact that § 34-36.1-4.17 provides only that a court *may* award attorneys' fees for a violation of the Condominium Act; it does not *require* a court to do so.

- 14 -

determining the reasonableness of attorneys' fees, "[t]he starting point or 'lodestar' * * * is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Pontarelli v. Stone*, 781 F. Supp. 114, 120 (D.R.I. 1992) (internal quotation marks omitted) (attached as an appendix to *In re Schiff*, 684 A.2d 1126, 1131 (R.I. 1996)). The party seeking reasonable attorneys' fees and costs must establish "the criteria on which a fee award is to be based." *Colonial Plumbing & Heating Supply Co. v. Contemporary Construction Co., Inc.*, 464 A.2d 741, 744 (R.I. 1983). In order to do so, the party must support its request for an award of attorneys' fees and costs by providing "affidavits or expert testimony * * *." *Tri-Town Construction Co., Inc.*, 139 A.3d at 480 (internal quotation marks omitted) (noting that the expert testimony must be from a member of the Rhode Island bar who was not representing the parties in the original action concerning which fees are sought). The documentation and support must be "sufficient to satisfy the court, or indeed a client, that the hours expended were actual, nonduplicative and reasonable, * * * and to apprise the court of the nature of the activity and the claim on which the hours were spent." *Pontarelli*, 781 F. Supp. at 120 (internal quotation marks omitted) (attached as an appendix to *In re Schiff*, 684 A.2d at 1131).

It was this Court's holding in *America Condo I* that the GIS SAR provided a basis requiring the award of some attorneys' fees and costs to plaintiffs. *America*

*Condo I*, 140 A.3d at 117. Thus, we are not now confronted with the question of whether or not there is a basis in the contractual language of the GIS SAR for the award of attorneys' fees and costs in this case. We have already decided that issue. Rather, we are called upon to determine whether or not the trial justice erred when she concluded that, given her understanding of this Court's holding in *America Condo I*, she was obliged to award attorneys' fees and costs only in relation to the breach of the GIS SAR claim. The seasoned trial justice did precisely that, and she also took into account the quality of the invoices that she was called upon to review, which in many instances she found to be less than satisfactory. After conscientiously completing that process, she ultimately awarded only $5,862 in attorneys' fees in the underlying matter.

The mandate rule "provides that a lower court on remand must implement both the *letter* and *spirit* of the [appellate court's] mandate, and may not disregard the explicit directives of that court." *Ferrell v. Wall*, 971 A.2d 615, 624 (R.I. 2009) (emphasis added) (quoting *Hagopian v. Hagopian*, 960 A.2d 250, 253 (R.I. 2008)); *see also RICO Corp. v. Town of Exeter*, 836 A.2d 212, 218 (R.I. 2003). The Superior Court "cannot vary [this Court's mandate], or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it,

further than to settle so much as has been remanded." *Sisto II*, 140 A.3d at 128 (quoting *Pleasant Management, LLC v. Carrasco*, 960 A.2d 216, 223 (R.I. 2008)).

We are of the decided opinion that the success or failure of plaintiffs' appeal with respect to the attorneys' fees and costs on the underlying action depends on our assessment of the trial justice's compliance with the directions provided by this Court concerning this case and also depends on the quality, or lack thereof, of the invoices presented by plaintiffs to the trial justice. After reviewing our opinion in *America Condo I*, we are unable to perceive any error whatsoever in the trial justice's conclusion that this Court's mandate permitted her to award attorneys' fees only with respect to the claim concerning the breach of the GIS SAR.

In *America Condo I*, we looked specifically to the terms of the GIS SAR to determine whether or not there was a basis for attorneys' fees. *America Condo I*, 140 A.3d at 116. We held that the GIS SAR did provide a basis for attorneys' fees and costs "where plaintiffs were enforcing rights provided for in the GIS SAR." *Id.* We stated that "the clear terms of *§ 11.3* [*of the GIS SAR*] *provide a basis for an award of attorneys' fees and costs* to plaintiffs in this case." *Id.* (emphasis added). We further reiterated our holding by stating, for a third time, that we did "find error with respect to the trial justice's failure to award attorneys' fees and costs to plaintiffs *based on the terms of the GIS SAR*." *Id.* at 117 (emphasis added).

The trial justice was not free to ignore this Court's directive. *See Ferrell*, 971 A.2d at 624. She was not authorized to alter it or "give any other or further relief * * *." *Sisto II*, 140 A.3d at 128 (internal quotation marks omitted). The GIS SAR formed the basis of our decision that plaintiffs were entitled to attorneys' fees and costs and, consequently, on remand, plaintiffs were entitled to recover only those fees and costs which pertained to the enforcement of the GIS SAR and were supported by invoice entries that made clear which aspect of the litigation particular entries related to.[5] The trial justice is to be commended for her assiduous compliance with the requirements of the mandate rule and for meticulously wading through invoices provided by plaintiffs. It is this Court's

---

[5] The plaintiffs also posit on appeal that the GIS SAR provided for the award of what they phrase as "*all* court costs and attorney's fees," meaning all fees and costs pertaining to all claims. (Emphasis in original.) In our view, that argument disregards the clear language of § 11.3 of the GIS SAR. That contractual section reads as follows:

> "Violation of any of the terms of the [GIS SAR] * * * shall be grounds for relief which will include, but not be limited to any actions for * * * injunctive relief * * *. *Any such violator shall be liable for all court costs and attorney's fees incurred in enforcing the rights pursuant to the preceding sentences * * *.*" (Emphasis added.)

The plain language of § 11.3 indicates that a violator shall be liable for attorneys' fees and costs accrued *in enforcing rights pursuant to the GIS SAR*; thus, "all" in this context refers to all attorneys' fees and costs for enforcing the terms of the GIS SAR, not for other claims. *See Bliss Mine Road Condominium Association v. Nationwide Property and Casualty Insurance Co.*, 11 A.3d 1078, 1084 (R.I. 2010) (stating that we give contractual terms their "plain, ordinary, and usual meaning").

- 18 -

opinion that, in this particular case, we need look no further than the mandate rule to determine that the trial justice appropriately limited the award of attorneys' fees and costs in the underlying matter to those pertaining only to the claim for breach of the GIS SAR.

With respect to the reasonableness of the ultimate amount of attorneys' fees and costs awarded by the trial justice, we look only to whether or not the trial justice abused her discretion. *America Condo I*, 140 A.3d at 115. In the instant case, the trial justice's decision makes it clear that she found credible Attorney Bardorf's testimony that the rates charged by Attorneys Groves and Shindell were reasonable. She then scrutinized each charge on the invoices provided by plaintiffs. She correctly complied with this Court's mandate and focused on those charges that clearly applied solely to work with respect to the claim for breach of the GIS SAR. After her detailed review of the evidence presented to her, the trial justice found that only a small portion of the requested fees could be directly attributed to the claim relative to the breach of the GIS SAR. *See Thomas & Betts Corporation v. New Albertson's, Inc.*, 915 F.3d 36, 73 (1st Cir. 2019) ("As the party seeking the award of attorney's fees, New Albertson's bear[s] the burden of producing the necessary evidence for it.") (internal quotation marks omitted); *see also Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 340 (1st Cir. 2008) ("Attorneys' time records, submitted in support of fee requests, often contain

questionable entries, and the district court's discretion in separating wheat from chaff is quite broad. * * * Where [a] party furnishes time records that are ill-suited for evaluative purposes, the court is hampered in ascertaining whether those hours were excessive, redundant, or spent on irrelevant issues."). We are unable to perceive any error at all in the trial justice's determinations and certainly not one that would rise to the level of an abuse of discretion. With respect to costs relative to the underlying action, she scrutinized all the requested costs and determined which costs had been properly supported by plaintiffs and which had not. *See Thomas & Betts Corporation*, 915 F.3d at 73. We perceive no error in the trial justice's meticulous efforts in that regard.

As such, we are unable to see any reason whatsoever to suggest that the trial justice's careful consideration and evaluation of the attorneys' fees and costs for the underlying action constituted an abuse of her discretion. Rather, in our opinion, she issued an admirably thorough and conscientious decision. None of the arguments raised on appeal by either plaintiffs or the Trust convince us to the contrary.[6]

---

[6] We pause to specifically address one of plaintiffs' additional arguments on appeal. The plaintiffs contend that they are entitled to all of their attorneys' fees and costs because the Trust did not present any testimony or evidence at the hearing on attorneys' fees which contradicted the testimony, affidavits, and invoices submitted by plaintiffs. However, that argument misses the mark because the party seeking fees carries the burden of proving that the fees sought were actually incurred and were reasonable. *Pontarelli v. Stone*, 781 F. Supp. 114, 120

Accordingly, we will not disturb the trial justice's award of $5,862 in attorneys' fees and $1,805.33 in costs on the underlying matter.

## B

### Fees on Fees

In its cross-appeal, the Trust contends that plaintiffs should not have received a fees on fees award. The Trust initially avers that plaintiffs waived their argument with respect to fees on fees because, according to the Trust, plaintiffs sought fees on fees for the first time in their post-hearing memorandum following the hearing on attorneys' fees and costs. The Trust posits that "any claimed entitlement to 'fees-on-fees' necessarily must have been proven by [plaintiffs] at the Fee Motion hearings * * *." Next, it avers that the GIS SAR does not provide a basis for the recovery of fees on fees because it does not specifically authorize such an award. Lastly, it notes that it was not permitted the opportunity to conduct discovery or cross-examine plaintiffs as to their fees on fees request.

In addressing the contentions of the Trust on the cross-appeal, we must begin by considering the argument with respect to waiver. *See DeMarco v. Travelers Insurance Co.*, 26 A.3d 585, 628 (R.I. 2011) ("[W]e do not consider

---

(D.R.I. 1992) (attached as an appendix to *In re Schiff*, 684 A.2d 1126, 1131 (R.I. 1996)); *see also Thomas & Betts Corporation v. New Albertson's, Inc.*, 915 F.3d 36, 73 (1st Cir. 2019) ("As the party seeking the award of attorney's fees, New Albertson's bear[s] the burden of producing the necessary evidence for it.") (internal quotation marks omitted).

issues on appeal which were not raised and properly presented during proceedings in the court below.").

Our review of the record reveals that, in plaintiffs' memorandum in support of their motion for attorneys' fees and costs (filed prior to the hearing on fees and costs), plaintiffs made the following statement: "Plaintiffs' request that the Court award them their reasonable costs and attorneys' fees incurred while enforcing their right to the fees in the underlying litigation. Plaintiffs anticipate filing additional affidavits in support of those fees and costs."  Thus, the Trust was certainly on notice before the hearing on the fees motion that plaintiffs would be seeking fees on fees and would submit additional affidavits.  However, we acknowledge that plaintiffs did not produce affidavits and invoices regarding fees on fees until the filing of their post-hearing memorandum in support of their original motion for fees and costs.  The Trust, in its reply to plaintiffs' post-hearing memorandum, did have one opportunity to respond to plaintiffs' fees on fees request and the affidavits and invoices produced in support thereof.[7]  However, it is certainly true that, in its reply to plaintiffs' post-hearing memorandum, the Trust requested the opportunity for discovery and cross-examination and that request was not granted by the trial justice.

---

[7]     We note that, in its reply to plaintiffs' post-hearing memorandum, the Trust asserted that plaintiffs had waived their fees on fees request, but the Trust did not articulate a substantive legal argument as to why plaintiffs were not entitled to fees on fees under the GIS SAR.

Bearing in mind that background, after considering the record as a whole, and in the interest of ending this protracted litigation, we decline to hold that plaintiffs waived the fees on fees issue, and we shall not remand for further proceedings to allow for discovery and cross-examination. Instead, we shall directly address the merits of the fees on fees award. *See Tanner v. Town Council of Town of East Greenwich*, 880 A.2d 784, 801 (R.I. 2005) (holding that we need not remand the case for a reassessment of attorneys' fees because "we ha[d] all the necessary information available to us such that we [could] use our inherent power to apply tenets of justice and fairness to the factual findings of the hearing justice, and fashion an appropriate remedy"). In so doing, we turn to a discussion of our jurisprudence relative to contract interpretation in order to address whether or not the trial justice erred in finding that the GIS SAR permitted the award of fees on fees (although the Trust arguably waived its contention that the GIS SAR does not provide for the award of fees on fees in Superior Court).

It is true that there are occasions when "a court can employ judicial construction" of a contractual agreement if that agreement is ambiguous. *OSJ of Providence, LLC v. Diene*, 154 A.3d 460, 464 (R.I. 2017). "However, '[i]f the court finds that the terms of an agreement are clear and unambiguous, the task of judicial construction is at an end and the agreement must be applied as written.'" *Id.* (quoting *W.P. Associates v. Forcier, Inc.*, 637 A.2d 353, 356 (R.I. 1994)).

Whether or not "the terms of a contract are ambiguous is a question of law." *Sturbridge Home Builders, Inc. v. Downing Seaport, Inc.*, 890 A.2d 58, 62 (R.I. 2005). In deciding whether an agreement is clear and unambiguous, we look at the agreement "in its entirety and its language [must] be given its plain, ordinary and usual meaning." *OSJ of Providence, LLC*, 154 A.3d at 464 (quoting *W.P. Associates*, 637 A.2d at 356). When we do so, "[t]he question is * * * whether the language has only one reasonable meaning when construed * * * *in an ordinary common sense manner.*" *Sturbridge Home Builders, Inc.*, 890 A.2d at 63 (emphasis in original) (quoting *Textron, Inc. v. Aetna Casualty and Surety, Co.*, 638 A.2d 537, 541 (R.I. 1994)).

After reviewing the terms of the GIS SAR, we are convinced that § 11.3 is clear and unambiguous. Section 11.3 provides that "[a]ny * * * violator shall be liable for *all* court costs and attorney's fees incurred in enforcing the rights pursuant to [any of the terms of the GIS SAR]." (Emphasis added.) In our opinion, the ordinary common sense meaning of "all" encompasses the entirety of attorneys' fees and costs incurred in enforcing the GIS SAR—which would naturally include fees on fees. *See Town of Redding v. Georgetown Land Development Company, LLC*, 251 A.3d 980, 990 (Conn. 2020) ("There cannot be any broader classification than the word all[;] * * * [i]n its ordinary and natural meaning, the word all leaves no room for exceptions.") (internal quotation marks

omitted); *see also Jacksonville Terminal Co. v. Railway Express Agency, Inc.*, 296 F.2d 256, 261 (5th Cir. 1961). We do not perceive any ambiguity in the language of the GIS SAR, nor are we persuaded in this case that the parties should have specifically stated in the GIS SAR that fees on fees were recoverable.[8] *See OSJ of Providence, LLC*, 154 A.3d at 464. Section 11.3 provides for the award of all fees incurred while "enforcing" the terms of the GIS SAR; we are of the opinion that fees on fees fall within the language relative to "enforcing" because fees on fees are incurred in enforcing § 11.3, which is a term of the GIS SAR.

Accordingly, following our *de novo* review of the trial justice's decision to award fees on fees, we perceive no error in her conclusion that the GIS SAR provided a basis for the award of such fees. *See Sturbridge Home Builders, Inc.*, 890 A.2d at 62.

We next address plaintiffs' contentions in their appeal with respect to errors that plaintiffs allege the trial justice committed in the manner in which she determined the amount of fees and costs to be awarded in the fees on fees context.

The plaintiffs aver that the trial justice correctly held that she should award fees on fees but "erroneously disallowed many fees and costs incurred in doing

---

[8] The Trust relies on *Chase v. Bearpaw Ranch Association*, 133 P.3d 190 (Mont. 2006), and *Krumme v. Westpoint Stevens Inc.*, 79 F. Supp. 2d 297 (S.D.N.Y. 1999), in support of its contention that the GIS SAR must specifically state that fees on fees are recoverable. We are not bound by these cases, and we are not persuaded by their analysis.

so." Specifically, plaintiffs take issue with the trial justice's refusal to grant fees and costs on the following: (1) any invoice charges which represented block billing or were specific to the litigation against Harbor Houses; (2) any invoice charges for preparing the supplemental affidavit of Attorney Groves; and (3) fees and costs for the preparation of the Vanden Dorpel and Conca affidavits. They further aver that the trial justice erred in discounting the fees on fees award by twenty-five percent due to her conclusions about Attorney Bardorf's affidavit and testimony. Lastly, plaintiffs claim that there was no explanation provided as to how the trial justice arrived at the figure she did with respect to fees on fees.

A review of the trial justice's decision makes it abundantly clear that, contrary to the contention of plaintiffs, the trial justice provided ample explanation as to how she arrived at her eventual fees on fees award. She initially found Attorney Lyons's billing rate to be reasonable. She then rejected any charges related to the Vanden Dorpel and Conca affidavits because she found those affidavits not to be relevant to the attorneys' fees issue. She found that some "relevant charges [were] block billed with unrelated charges," and she provided specific examples from the invoices to illustrate her point. She rejected charges attributed solely to issues raised by Harbor Houses because plaintiffs had abandoned their claim for fees and costs as to Harbor Houses. Lastly, she discounted the fees related to the supplemental affidavit of Attorney Groves

because it had been necessitated by "[p]laintiffs' mistake * * *." The plaintiffs have not convinced us that the trial justice abused her considerable discretion in assessing the affidavits and invoices in front of her and arriving at the fees on fees award. *See Blue Cross & Blue Shield of Rhode Island v. Najarian*, 911 A.2d 706, 710 (R.I. 2006) ("Generally, when [a] contractual, statutory or legal basis exists, the award of attorneys' fees rests within the sound discretion of the trial justice.") (internal quotation marks omitted). She provided more than sufficient explanation and support for the manner in which she parsed through the evidence in front of her.

The final issue raised by plaintiffs relates to Attorney Bardorf. The trial justice stated that Attorney Bardorf "did not appear fully informed in preparation for the hearing." She noted that he had not read the pleadings, was "unfamiliar" with the lodestar method of calculating fees, "appeared unfamiliar with pertinent case law," and did not make any adjustment with respect to billings solely attributable to Harbor Houses. She consequently held that it "would be unreasonable to charge the Trust for all of the time the Trust expended illustrating various discrepancies in the expert attorney's testimony and exhibits." Accordingly, she proceeded to reduce the fees on fees award by twenty-five percent.

Contrary to the assertions of plaintiffs, we do not perceive any error in the trial justice's decision to discount the fees on fees award. After a thorough review of Attorney Bardorf's testimony and his affidavits, we wholeheartedly share the trial justice's concerns about his preparation and effectiveness.

## C

### Post-Judgment Interest

The plaintiffs also seek, pursuant to G.L. 1956 § 9-21-10(a), what they characterize as post-judgment interest from the Superior Court's entry of the February 25, 2014 final judgment on the merits.

As support for their contention, plaintiffs rely on *Young v. Exum*, 110 R.I. 685, 296 A.2d 451 (1972). In our opinion, plaintiffs misread *Young*. Our opinion in *Young* states that "there can be no judgment to enter until there has been a determination that there are reasonable sums for expenses and counsel fees which should be allowed." *Young*, 110 R.I. at 694, 296 A.2d at 456. It is clear to us that "reasonable sums" with respect to attorneys' fees and costs were not determined in this case until final judgment on the attorneys' fees and costs entered on September 18, 2019.

Consequently, as the Trust contends on appeal, plaintiffs are, in effect, asking for prejudgment interest to which, in the opinion of this Court, they are not

entitled under § 9-21-10(a); in the context of this case, we are not dealing with pecuniary damages which are a prerequisite to the applicability of § 9-21-10(a).

In conclusion, after considering the plaintiffs' appeal and the Trust's cross-appeal, we affirm the trial justice's award of $5,862 in attorneys' fees and $1,805.33 in costs with respect to the underlying case, and we affirm the fees on fees award. Thus, the plaintiffs are entitled to an award in the total amount of $25,472.33.

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record may be returned to that tribunal.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | America Condominium Association, Inc., et al. v. Stefania M. Mardo, as Trustee of the Constellation Trust-2011, et al. |
| **Case Number** | No. 2019-412-Appeal. No. 2019-413-Appeal. (NC 11-234) |
| **Date Opinion Filed** | March 15, 2022 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Newport County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Melanie Wilk Thunberg |
| **Attorney(s) on Appeal** | For Plaintiffs: Thomas W. Lyons, III, Esq. Rhiannon S. Huffman, Esq. |
| | For Defendant: Robert D. Wieck, Esq. |

SU-CMS-02A (revised June 2020)